MICHELLE STALK AND URBAN CONSTRUCTION COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY, APPELLANTS, v. MICHAEL MUSHKIN, RESPONDENT.

No. 48201

January 29, 2009 199 P.3d 838

*Kenneth L. Hall*, Las Vegas, for Appellants.

*Patti, Sgro & Lewis* and *Mark C. Hafer*, Las Vegas, for Respondent.

## OPINION

By the Court, HARDESTY, C.J.:

In this appeal, we consider which statutes of limitation apply to claims for intentional interference with prospective business advantage, intentional interference with contractual relations, and breach of fiduciary duty arising from an attorney-client relation-

ship. We determine that claims for intentional interference with prospective business advantage and contractual relations are claims for injuring personal property and are subject to the three-year statute of limitations in NRS 11.190(3)(c). A claim for breach of fiduciary duty arising from an attorney-client relationship is a legal malpractice claim and is therefore subject to the statute of limitations contained in NRS 11.207(1). Based on these determinations, we affirm the district court's summary judgment on the claims for intentional interference with prospective business advantage and contractual relations, and we reverse the district court's summary judgment on the claim for breach of fiduciary duty arising from the attorney-client relationship.

## FACTS AND PROCEDURAL HISTORY

This case involves numerous legal and business relationships between respondent Michael Mushkin; appellants Michelle Stalk and her company, Urban Construction Company, LLC; and Allan Bird and his corporation, Real Property Services Corporation (RPSC). Bird and RPSC are not parties to this appeal. Mushkin, an attorney, served as legal counsel to Stalk, Bird, and their respective entities. Mushkin also had a business relationship with Bird, during which he presented Bird with investment opportunities. Stalk and Urban Construction also had a 30-year business relationship with Bird and RPSC developing various parcels of real property.

Beginning in May 2001, Mushkin served as defense counsel for Stalk and Urban Construction in various mechanic's lien matters. While the mechanic's lien claims were being litigated, Mushkin began representing RPSC in an employment wrongful termination action. On behalf of RPSC, Mushkin filed a motion to dismiss or for summary judgment, arguing that the employee who brought the action actually had been employed by Urban Construction and that Stalk had made the decision to terminate that employee. Mushkin asserted that Stalk and Urban Construction were therefore "indispensable parties" to the employee's suit for wrongful discharge. Although the motion was denied, in January 2002, the employee amended her complaint to name Urban Construction as a defendant. Subsequently, in May 2003, Stalk attended a settlement conference in the wrongful termination case. According to Stalk, it was at this conference that she learned that Urban Construction had been added as a defendant because of Mushkin's summary judgment motion. Stalk ultimately settled with the employee for $2,000.

In the meantime, Urban Construction and RPSC were parties to several contracts for the performance of construction services, and they had started the preliminary stages of development on two other projects. However, Bird later terminated Urban Construction

as general contractor for RPSC by letter dated June 7, 2001. Stalk and Urban Construction alleged that shortly before Bird terminated the general construction agreements it had with Urban Construction, Mushkin solicited a personal friend to bid on the construction projects that RPSC had contracted with Urban Construction to complete. According to Stalk and Urban Construction, Mushkin's actions caused Bird to terminate its contracts with Urban Construction.

Stalk and Urban Construction ultimately filed the underlying suit against Mushkin on August 26, 2004, asserting claims for negligence, intentional interference with prospective business advantage, intentional interference with contractual relations, and breach of fiduciary duty. The claims for intentional interference with prospective business advantage and contractual relations were predicated on Mushkin's alleged interference with the contracts Urban Construction had with RPSC, and the breach of fiduciary duty claim was based on Mushkin's actions in the employment action, specifically, alerting the employee that Stalk and Urban Construction were indispensible defendants.

Finding that Stalk and Urban Construction sought damages for injuries caused by Mushkin's negligence or wrongful acts, the district court granted summary judgment on the negligence cause of action for failure to state a claim and granted summary judgment on the three remaining claims on the ground that they were time-barred by the two-year statute of limitations under NRS 11.190(4)(e). Stalk and Urban Construction now appeal from the summary judgment as to the claims for intentional interference with prospective business advantage, intentional interference with contractual relations, and breach of fiduciary duty.

## DISCUSSION

This matter presents two issues of first impression, as we have not previously announced the statutes of limitation applicable to claims for intentional interference with prospective business advantage and contractual relations or for breach of fiduciary duty in the context of an attorney-client relationship. We take this opportunity to do so.

### Standard of review

This court reviews a district court order granting a motion for summary judgment de novo. *Sustainable Growth v. Jumpers, LLC,* 122 Nev. 53, 61, 128 P.3d 452, 458 (2006). "Summary judgment is . . . appropriate [only] when no genuine issues of material fact [exist] and the moving party is entitled to judgment as a matter of

law." *Clark v. Robison*, 113 Nev. 949, 950, 944 P.2d 788, 789 (1997). Thus, "[s]ummary judgment is proper when a cause of action is barred by the statute of limitations." *Id.* at 950-51, 944 P.2d at 789. We also review issues of statutory interpretation de novo. *Torrealba v. Kesmetis*, 124 Nev. 95, 101, 178 P.3d 716, 721 (2008).

*Claims for intentional interference with prospective business advantage and intentional interference with contractual relations are claims for injury to personal property and are therefore subject to the three-year statute of limitations in NRS 11.190(3)(c)*

Stalk and Urban Construction argue on appeal that NRS 11.190(2)(c)'s four-year statute of limitations applies to both of their intentional interference claims because those claims are grounded on damage to intangible or inchoate interests in obtaining future benefits. In response, Mushkin maintains that the district court properly applied NRS 11.190(4)(e)'s two-year statute of limitations. He alternatively argues that NRS 11.190(3)(c)'s three-year limitation period applies because a contract right is personal property. Under either statute, Mushkin asserts that summary judgment was appropriate because more than three years elapsed before Stalk and Urban Construction filed their complaint.

Here, the district court concluded that NRS 11.190(4)(e) applied to Stalk and Urban Construction's claims for intentional interference with a prospective business advantage and with contractual relations. NRS 11.190(4)(e) provides a two-year statute of limitations for "action[s] to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another." Although Mushkin asserts that this provision provides the statute of limitations for all wrongful act torts generally, we have previously addressed and rejected this argument.[1]

To determine the statute of limitations applicable to claims for intentional interference with prospective business advantage and contractual relations, we must first determine the true nature of those claims. *See Hartford Ins. v. Statewide Appliances*, 87 Nev. 195, 197, 484 P.2d 569, 571 (1971) (explaining that the object of the action, rather than the legal theory under which recovery is sought, governs when determining the type of action for statute of

---

[1] In *Hanneman v. Downer*, we explained that NRS 11.190(4)(e) "applies only to personal injury and wrongful death actions" and that other tort causes of action, such as those for fraud and damage to real property, are governed by other, more specific statute of limitations provisions. 110 Nev. 167, 180 n.8, 871 P.2d 279, 287 n.8 (1994). Following the *Hanneman* court, we determine that NRS 11.190(4)(e) is limited to personal injury and wrongful death actions and does not apply to claims for intentional interference with prospective business advantage and contractual relations.

limitations purposes). Claims for intentional interference with a prospective business advantage and contractual relations seek compensation for damage to business interests. *See Zimmerman v. Bank of America National T. & S. Ass'n*, 12 Cal. Rptr. 319, 321 (1961) ("The actionable wrong lies in the inducement to break the contract or to sever the relationship, not in the kind of contract or relationship so disrupted, whether it is written or oral, enforceable or not enforceable."). Business interests include intangible assets and inchoate rights, as well as other rights incidental to business ownership. *See Teller v. Teller*, 53 P.3d 240, 248 (Haw. 2002) (indicating that goodwill and trade secrets are intangible assets in which business owners have property rights). *See also Clark v. Figge*, 181 N.W.2d 211, 215 (Iowa 1970) (citing *Liggett Co. v. Baldridge*, 278 U.S. 105, 111 (1928), *overruled on other grounds by North Dakota Pharmacy Bd. v. Snyder's Stores*, 414 U.S. 156, 167 (1973)). Such interests are personal property.

Generally, claims for interference with prospective business advantage and with contractual relations are recognized as actions in tort, not in contract, and will be governed by the statute of limitations relating to torts. Maurice T. Brunner, Annotation, *What Statute of Limitations Governs Action for Interference with Contract or Other Economic Relations*, 58 A.L.R.3d 1027, § 2[a] (1974). However, in some jurisdictions, including Nevada, where separate statutes govern injuries to persons and injuries to property, there is a split of authority as to which statute of limitations applies to claims for intentional interference with prospective business advantage and contractual relations. *Id.*; *see also* NRS 11.190(3)(c) and 11.190(4)(e). We therefore must determine whether Nevada's statute of limitations governing injuries to persons or the statute of limitations governing property damage apply to claims for intentional interference with a prospective business advantage and contractual relations.

As explained above, claims for intentional interference with a prospective business advantage and contractual relations seek compensation for damage to business interests, which are personal property. *See Teller*, 53 P.3d at 248; *see also Clark*, 181 N.W.2d at 215 (citing *Liggett*, 278 U.S. at 111).

Because we have determined that business interests are personal property, we conclude that intentional interference with these business interests are actions for taking personal property and not actions for injuries to a person. *See Clark*, 181 N.W.2d at 216 (concluding that a claim for interference in business relationships was

"fundamentally proprietary in character although incidental injuries may have been of a different nature"). Thus, we conclude that intentional interference with business interests are subject to the three-year statute of limitations set forth in NRS 11.190(3)(c).

Nevertheless, despite the district court's application of an incorrect two-year statute of limitations, summary judgment was appropriate on Stalk and Urban Construction's claims for intentional interference with a prospective business advantage and with contractual relations because those claims are time-barred by the correct three-year statute of limitations set forth in NRS 11.190(3)(c). In particular, the statutes of limitation began running on Stalk and Urban Construction's claims when Bird terminated Urban Construction as the general contractor for RPSC by letter dated June 7, 2001. While Stalk and Urban Construction offer various events as triggering the beginning of the limitations period on their claims for intentional interference with prospective advantage and contractual relations, the letter from Bird occurred last in time among the proposed triggering events. Stalk and Urban Construction filed this action on August 26, 2004, more than three years after Urban Construction was terminated as general contractor. Since Stalk and Urban Construction failed to file this action within three years of the triggering event, their claims are time-barred under NRS 11.190(3)(c), and the district court therefore properly entered summary judgment on their claims for intentional interference with a prospective business advantage and intentional interference with contractual relations. *See Butler v. Bayer*, 123 Nev. 450, 460 n.22, 168 P.3d 1055, 1062 n.22 (2007) (" '[T]his court will affirm the order of the district court if it reached the correct result, albeit for different reasons.' " (quoting *Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987))).

*A claim for breach of fiduciary duty arising from an attorney-client relationship is a legal malpractice claim subject to NRS 11.207(1)'s limitation period*

The district court granted summary judgment on Stalk and Urban Construction's claim for breach of fiduciary duty on the ground that the claim was barred by the two-year statute of limitations in NRS 11.190(4)(e), which applies to claims for damages based on the defendant's wrongful or negligent conduct. On appeal, pointing to this court's earlier decisions addressing breach of fiduciary duty claims, Urban Construction, Stalk, and Mushkin all maintain that NRS 11.190(3)(d)'s three-year statute of limitations, which governs fraud claims, should apply to Urban Construction and Stalk's breach of fiduciary duty claim. *See Nevada State Bank v. Jamison Partnership*, 106 Nev. 792, 799, 801 P.2d 1377, 1382 (1990); *Golden Nugget, Inc. v. Ham*, 98 Nev. 311, 313, 646 P.2d

1221, 1223 (1982); *Shupe v. Ham*, 98 Nev. 61, 64, 639 P.2d 540, 542 (1982). As explained above, however, we first must determine the true nature of the claim for breach of fiduciary duty before determining the applicable statute of limitations. *See Hartford Ins. v. Statewide Appliances*, 87 Nev. 195, 197, 484 P.2d 569, 571 (1971) (explaining that the object of the action, rather than the legal theory under which recovery is sought, governs when determining the type of action for statute of limitations purposes).

In asserting a claim for breach of fiduciary duty, Stalk and Urban Construction claimed that Mushkin breached his fiduciary duty to them by disclosing information harmful to their interests while he was acting as their attorney and also representing RPSC in the employment discrimination action. In their complaint, Stalk and Urban Construction essentially alleged that Mushkin, as their attorney, owed them an undivided duty of loyalty and a duty of confidentiality. They claimed that Mushkin breached those duties when he revealed information that subjected them to tort liability during the employment action filed against Bird.

Under the Restatement (Second) of Torts, a "fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." Restatement (Second) of Torts § 874 cmt. a (1979). Thus, a breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship. *Id.* We previously have declared that Nevada Rule of Professional Conduct (RPC) 1.7 imposes a duty of loyalty on lawyers that prohibits representation of more than one client if the "representation involves a concurrent conflict of interest or a significant risk that the dual representation will materially limit the lawyer's ability to represent one or both clients."[2] *Ryan v. Dist. Ct.*, 123 Nev. 419, 430, 168 P.3d 703, 710 (2007). The duty of loyalty is based in the contractual relationship between attorney and client and correspondingly invokes the duty of confidentiality. *See* RPC 1.6; *Warmbrodt v. Blanchard*, 100 Nev. 703, 707, 692 P.2d 1282, 1285 (1984) ("It is the 'contractual relationship creating a duty of due care upon an attorney [which is] the primary essential to a recovery for legal malpractice.'" (alteration in original) (quoting *Ronnigen v. Hertogs*, 199 N.W.2d 420, 421 (Minn. 1972))), *su-*

---

[2]Although the codification of fiduciary duties in the Nevada Rules of Professional Conduct does not provide an individual with a private right of action, the rules serve as evidence of the duty of care owed by an attorney to his or her client. *See Mainor v. Nault*, 120 Nev. 750, 769, 101 P.3d 308, 321 (2004).

*perseded in part by statute*, NRS 42.001, *as explained in Countrywide Home Loans v. Thitchener*, 124 Nev. 725, 741-43, 192 P.3d 243, 253-55 (2008); *Smith v. Mehaffy*, 30 P.3d 727, 733 (Colo. Ct. App. 2000).

A cause of action for legal malpractice encompasses breaches of contractual as well as fiduciary duties because both "concern[ ] the representation of a client and involve[ ] the fundamental aspects of an attorney-client relationship." 2 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 14:2 (2007). Thus, NRS 11.207, which sets forth the statute of limitations for "[m]alpractice actions against attorneys," is applicable to legal malpractice claims, whether based on breach of contractual obligations or breach of fiduciary duties:

> An action against an attorney . . . to recover damages for malpractice, *whether based on a breach of duty* or contract, must be commenced within 4 years after the plaintiff sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier.

NRS 11.207(1) (emphasis added).

Such claims are subject to the statute of limitations in NRS 11.207(1). Here, Stalk and Urban Construction's breach of fiduciary duty claim is, in essence, a legal malpractice claim, since it is grounded on allegations that Mushkin breached certain duties, namely, confidentiality and loyalty, that would not exist but for the attorney-client relationship.

Accordingly, the district court's conclusion that NRS 11.190(4)(e) applied to Stalk's breach of fiduciary duty claim was in error. Based on our assessment of the true nature of Stalk and Urban Construction's claim, we likewise reject the parties' contention that NRS 11.190(3)(d) governs the breach of fiduciary duty claim at issue here. While the parties rely on a line of Nevada cases holding that claims for breach of fiduciary duty are akin to claims for fraud and are therefore subject to the three-year limitation on actions in NRS 11.190(3)(d), those cases do not control our analysis here because none involved an attorney-client relationship. *Nevada State Bank v. Jamison Partnership*, 106 Nev. 792, 799, 801 P.2d 1377, 1382 (1990); *Golden Nugget, Inc. v. Ham*, 98 Nev. 311, 313, 646 P.2d 1221, 1223 (1982); *Shupe v. Ham*, 98 Nev. 61, 64, 639 P.2d 540, 542 (1982). Accordingly, we clarify now that claims for breach of fiduciary duty arising out of an attorney-client relationship are legal malpractice claims subject

to NRS 11.207(1)'s limitation period, and claims for breach of fiduciary duty based on fiduciary relationships other than attorney-client are akin to fraud claims, subject to the limitation period set forth under NRS 11.190(3)(d).[3]

Although we have determined that Stalk and Urban Construction's breach of fiduciary duty claim asserts legal malpractice, the question remains whether summary judgment was appropriate under the statute of limitations that governs such claims. In the district court, the parties disputed what event triggered the running of the statute of limitations. Specifically, Stalk and Urban Construction argued that the limitations period began to run in May 2003, when Stalk learned of the motion filed by Mushkin naming Stalk and Urban Construction as indispensable parties in the wrongful termination action that was filed against RPSC. Mushkin, on the other hand, argued that various earlier events triggered the statute of limitations and that Stalk and Urban Construction's claim would be time-barred if any of these events marked the beginning of the statute of limitations period. Because genuine issues of material fact exist concerning the date on which the statute of limitations began to run, and thus whether Stalk and Urban Construction's claim for breach of fiduciary duty is time-barred, the district court erred by entering summary judgment on that claim.

## CONCLUSION

Although the district court erred by determining that Stalk and Urban Construction's claims for intentional interference with a prospective business advantage and intentional interference with contractual relations were barred by the two-year statute of limitations under NRS 11.190(4)(e), those claims nevertheless were time-barred under the appropriate three-year statute of limitations, and the district court therefore properly entered summary judgment on those claims. Claims for intentional interference with a prospective business advantage and intentional interference with contractual relations are claims for injury to personal property, subject to the three-year statute of limitations contained in NRS 11.190(3)(c). Accordingly, we affirm the summary judgment on the claims for intentional interference with a prospective business advantage and intentional interference with contractual relations.

---

[3]Claims subject to NRS 11.190(3)(d) include those brought against attorneys in which the plaintiff alleges a breach of a fiduciary duty owed outside of the scope of an attorney-client relationship. That is, "[w]hen an attorney becomes involved in nonlegal business activities, he may not claim protection of the legal malpractice statute because the basis for a legal malpractice action is a claim of *professional* negligence." *Quintilliani v. Mannerino*, 72 Cal. Rptr. 2d 359, 365 (Ct. App. 1998).

The district court also erred by finding that Stalk and Urban Construction's breach of fiduciary duty claim was subject to NRS 11.190(4)(e)'s two-year statute of limitations. Instead, claims for breach of fiduciary duty arising from an attorney-client relationship are claims for legal malpractice subject to the statute of limitations contained in NRS 11.207(1). Because Stalk and Urban Construction allege that, by disclosing information harmful to their interests, Mushkin breached his duties of loyalty and confidentiality to them by virtue of the fact that he was their attorney, we conclude that the claim is essentially a legal malpractice claim, subject to NRS 11.207(1). Since genuine issues of material fact exist regarding when the statute of limitations began to run on that claim, summary judgment was not appropriate. Accordingly, we reverse the summary judgment on Stalk and Urban Construction's claim for breach of fiduciary duty arising from an attorney-client relationship, and remand this matter to the district court for further proceedings.

PARRAGUIRRE and DOUGLAS, JJ., concur.