**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| USACM Liquidating Trust, *Plaintiff-Appellant*, and | No. 11-15626 |
| | D.C. No. 2:08-cv-00461-PMP-PAL |
| USA Capital Diversified Deed Fund, LLC, *Plaintiff*, | |
| v. | ORDER AND AMENDED OPINION |
| Deloitte & Touche, *Defendant-Appellee*. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted
March 15, 2013—San Francisco, California

Filed February 18, 2014
Amended June 6, 2014

Before: J. Clifford Wallace and Sandra S. Ikuta, Circuit
Judges, and Marvin J. Garbis, Senior District Judge.[*]

---

[*] The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Order;
Opinion by Judge Garbis

## SUMMARY[**]

### Bankruptcy

The panel filed (1) an order amending its opinion of February 18, 2014, and denying a petition for rehearing; and (2) an amended opinion affirming the district court's summary judgment on claims brought by a bankruptcy litigation trust under Nevada law.

The trust, created by a confirmed chapter 11 plan, sued the debtor's former outside auditor, alleging that the auditor wrongfully issued unqualified audit opinions, concealing the misappropriations of the debtor's funds through two allegedly fraudulent schemes perpetrated by the debtor's owners and controllers. The panel held that under Nevada's "sole actor" rule, the misconduct of the owners and controllers must be imputed to the debtor. Accordingly, the district court properly granted summary judgment to the defendant auditor on its affirmative defense that the debtor's claims had expired under Nevada law prior to the bankruptcy petition date and thus were ineligible for the two-year extension of applicable limitations periods under 11 U.S.C. § 108(a).

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Allan B. Diamond (argued) and J. Maxwell Beatty (argued), Diamond McCarthy LLP, Houston, Texas, for Plaintiff-Appellant.

Steve Morris and Rosa Solis-Rainey, Morris Peterson, Las Vegas, Nevada; Miles N. Ruthberg (argued), Robert W. Perrin and Melanie M. Blunschi, Latham & Watkins LLP, Los Angeles, California, for Defendant-Appellee.

---

**ORDER**

The opinion filed February 18, 2014, and appearing at 2014 WL 612503, is amended.  The amended opinion will be filed concurrently with this order.

The petition for rehearing is **DENIED**.  No further petitions for rehearing and/or rehearing en banc will be entertained.

---

**OPINION**

GARBIS, Senior District Judge:

On April 13, 2006, USA Commercial Mortgage Company ("USACM") filed for bankruptcy in the United States Bankruptcy Court for the District of Nevada.  USACM's confirmed Chapter 11 plan created a bankruptcy litigation trust, USACM Liquidating Trust (the "Trust"), for purposes of pursuing USACM's claims for the benefit of holders of

allowed unsecured claims in USACM's bankruptcy.  On April 11, 2008, the Trust sued USACM's former outside auditor, Deloitte & Touche LLP, alleging that Deloitte wrongfully issued unqualified audit opinions for fiscal years 2000 and 2001, concealing the misappropriations of USACM's funds through two allegedly fraudulent schemes perpetrated by Thomas Hantges and Joseph Milanowski (the owners and controllers of USACM).  The charged misappropriations caused USACM to sustain millions of dollars in losses and required its bankruptcy filing.

The Trust appeals from the district court's summary judgment in favor of Deloitte.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment to Deloitte on the ground that the misconduct of Hantges and Milanowski must be imputed to USACM under Nevada's "sole actor" rule.[1]  Under Nevada law, the sole actor rule imputes an agent's actions to the principal corporation "even if the agent totally abandons the corporation's interest" when "the corporation and its agent are indistinguishable from each other."[2]  *See Glenbrook Capital Ltd. P'ship v. Dodds (In re*

---

[1] At the time of the district court's opinion, the Nevada Supreme Court had not yet issued its opinion in *Glenbrook Capital Ltd. P'ship v. Dodds (In re Amerco Derivative Litig.)*, 252 P.3d 681, 695–96 (Nev. 2011), officially adopting the sole actor rule.  However, the district court accurately predicted that the Nevada Supreme Court would do so.

[2] The sole actor rule is a limited exception to the adverse interest exception, which precludes the general imputation of an agent's acts to the principal corporation under agency law when the agent's actions are "completely and totally adverse to the corporation."  *Glenbrook*, 252 P.3d at 695.

*Amerco Derivative Litig.)*, 252 P.3d 681, 695–96 (Nev. 2011). The record before the district court demonstrated that, for all relevant purposes, Hantges and Milanowski utterly controlled and dominated USACM: they were the majority shareholders, owning collectively at least 83% of the stock at any given time prior to bankruptcy; held top management positions including CEO and President, respectively; were the only two directors until 2001 when they appointed a nominal third director, who admittedly had no active involvement in the company; and were perceived by other actors within USACM as the relevant decision-makers whose actions could not be overridden. As the district court correctly held after its thorough analysis, the Trust failed to present evidence of any "innocent decision-makers" within USACM sufficient to permit a reasonable fact finder to find that Hantges and Milanowski were not USACM's sole actors for purposes of imputation. *See id.* at 696 (explaining "presence of innocent decision-makers" is relevant to assessing whether agents are a corporation's sole actors).

Because the district court properly imputed Hantges' and Milanowski's misconduct to USACM, the district court also properly granted summary judgment to Deloitte on its affirmative defense that USACM's claims had expired under Nevada law prior to April 13, 2006, the petition date, and were thus ineligible for the two-year extension of applicable limitations periods under 11 U.S.C. § 108(a) that would have rendered its claims (filed on April 11, 2008) timely.[3] Since knowledge of Hantges' and Milanowski's fraudulent schemes

---

[3] 11 U.S.C. § 108(a) extends applicable limitations periods in the bankruptcy context up to an additional "two years after the order for relief" provided that the limitations period has "not expired before the date of the filing of the petition."

is imputed to USACM, the company would have discovered that Deloitte failed to expose those schemes in its 2000 and 2001 fiscal year audits — in alleged contravention of its contractual and professional obligations — no later than the date Deloitte completed those audits on June 28, 2001 and November 26, 2002.  Hence, the two-year limitations period for the Trust's accounting malpractice and breach of contract claims expired on June 28, 2003 and November 26, 2004, respectively, which both preceded the petition date and were therefore untimely.  *See* 11 U.S.C. § 108(a); Nev. Rev. Stat. Ann. § 11.2075(1)(a).[4]

With regard to the aiding and abetting breaches of fiduciary duty claim, USACM would have discovered Deloitte's failure to report and/or affirmative cover-up of Hantges' and Milanowski's fraudulent schemes no later than when Deloitte terminated its services with USACM in January 2003.  Thus, the three-year limitations period provided by Nev. Rev. Stat. Ann. § 11.190(3)(d)[5] expired in

---

[4] Nev. Rev. Stat. Ann. § 11.2075(1) requires that an action against an accounting firm "to recover damages for malpractice must be commenced within" the earlier of (a) two years after the date on which the actionable conduct is discovered or should have been discovered, (b) four years after "completion of performance of the service for which the action is brought", or (c) four years after the date of the "initial issuance of the report prepared by the accountant . . . regarding the financial statements or other information."

[5] Nev. Rev. Stat. Ann. § 11.190(3)(d), applied by the district court to the breaches of fiduciary duty claim,  provides limitations for an action grounded on fraud.  Under Nevada law, the "true nature" of a breach of fiduciary claim determines the applicable limitations period.  *Stalk v. Mushkin*, 199 P.3d 838, 841–42 (Nev. 2009).  As observed by the district court, this claim is more akin to fraud than an auditor malpractice claim.  However, even if the accounting malpractice limitation rules were applied

January 2006, which again preceded the petition date and therefore could not be extended under 11 U.S.C. § 108(a) to make USACM's claim timely.

The district court correctly decided that there should be no concealment-based tolling of limitations because Deloitte could not have concealed from USACM that which USACM knew based upon the imputation of Hantges' and Milanowski's knowledge to USACM.

The district court also properly declined to apply the adverse domination doctrine, which tolls claims alleging wrongdoing by those who control the corporation under certain circumstances. *See Fed. Deposit Ins. Corp. v. Jackson*, 133 F.3d 694, 698 (9th Cir. 1998). Nevada has not adopted the doctrine, and we conclude that Nevada would not do so. The doctrine tolls the accrual of a cause of action based on the premise that a corporation does not have knowledge of a claim until the wrongdoing directors are no longer in control. *Cf. Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("Because a plaintiff-corporation can learn that it has been injured only through the knowledge of its agents, if the agents' interests are adverse to the corporation, the agents' knowledge is not imputed to the corporation."). This premise is inconsistent with Nevada's sole actor rule, under which the wrongdoing agents' knowledge is imputed to the corporation. Because Hantges' and Milanowski's knowledge is imputed to USACM here, the adverse domination doctrine cannot be applied to toll the statute of limitations.

---

the claim would be barred under the lesser two-year period under § 11.2075(1)(a).

Because the Trust's claims are barred by the applicable statute of limitations under Nevada law, we do not reach, and do not address other issues presented by the parties, including those related to Deloitte's alternative *in pari delicto* defense.

**AFFIRMED.**