# IN THE SUPREME COURT OF THE STATE OF NEVADA

JODY CUOMO,
Appellant,
vs.
DELUCA & ASSOCIATES, P.C., A
DOMESTIC PROFESSIONAL
CORPORATION; AND ANTHONY J.
DELUCA, ESQ., INDIVIDUALLY,
Respondents.

No. 66484



FILED

JAN 15 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss or in the alternative for summary judgment in a legal malpractice action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Causation of damages is a required element of each of the claims alleged in appellant's complaint. *See Stalk v. Mushkin*, 125 Nev. 21, 29, 199 P.3d 838, 844 (2009) (holding that a claim for breach of fiduciary duty that arises out of the attorney-client relationship is a legal malpractice claim); *Clark Cty. Sch. Dist. v. Richardson Constr.*, 123 Nev. 382, 396, 168 P.3d 87, 96 (2007) (stating that causation is an essential element of a claim for breach of contract); *Day v. Zubel*, 112 Nev. 972, 976, 922 P.2d 536, 538 (1996) (identifying causation as one of the required elements for a legal malpractice claim). Having reviewed the parties' briefs and appendices, we conclude that the district court did not err. Whether viewed under the NRCP 12(b)(5) or NRCP 56 standard, the district court properly granted respondents' motion because there was no set of facts that would entitle appellant to relief as the bankruptcy court had previously determined that the Ritchie Debt was nondischargeable under 11 U.S.C. § 523(a)(2) due to the fact of appellant's fraud in

procuring the loan.[1] *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Thus, the district court determined that appellant could not prove that respondents' failure to list the debt on appellant's bankruptcy schedule caused the Ritchie Debt to be not discharged.[2] As we perceive no error in the district court's determination, we conclude that the district court properly granted appellant's motion to dismiss or in the alternative for summary judgment. *Buzz Stew*, 124 Nev. at 227-28, 181 P.3d at 672; *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

---

[1]Although appellant requested that the district court deny respondents' motion under NRCP 56(f) to allow appellant to conduct deposition, appellant failed to meet the requirements of the statute to obtain such relief. NRCP 56(f); *Choy v. Ameristar Casinos, Inc.*, 127 Nev., Adv. Op. 78, 265 P.3d 698, 700 (2011).

[2]Appellant argues that the district court improperly took judicial notice of the bankruptcy court's order and related filings, but because appellant did not object to respondents' motion for judicial notice, appellant has waived this issue on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in trial court . . . is deemed to have been waived and will not be considered on appeal.").

[3]In light of this order, we need not address the parties' remaining arguments.

cc:   Hon. Michael Villani, District Judge
Thomas J. Tanksley, Settlement Judge
Eglet Prince
Keating Law Group
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A