# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CSA DEVELOPMENT, LLC,<br>Appellant,<br>vs.<br>PATRICK BRYANT AND ELEANOR C.<br>BRYANT, INDIVIDUALLY AND AS<br>TRUSTEES OF THE BRYANT 2014<br>TRUST DATED 12/14/14,<br>Respondents. | No. 68444 |

FILED

DEC 0 2 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

| | |
|---|---|
| CSA DEVELOPMENT, LLC,<br>Appellant,<br>vs.<br>PATRICK BRYANT AND ELEANOR C.<br>BRYANT, INDIVIDUALLY AND AS<br>TRUSTEES OF THE BRYANT 2014<br>TRUST DATED 12/14/14,<br>Respondents. | No. 68883 |

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from an order granting summary judgment and a post-judgment order awarding attorney fees in a real property action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Between 1991 and 1998 respondents Patrick and Eleanor Bryant graded their lot and constructed a block wall. Both the grading and wall encroached onto an adjacent vacant lot owned by James Sposato, Jr. Sposato did not give the Bryants permission to encroach onto his property but never asked for removal of the grading or wall. In July 2014,

16-37425

appellant CSA Development, LLC, bought Sposato's vacant lot without inspecting the property.

CSA filed a complaint against the Bryants in October 2014 alleging quiet title, nuisance, trespass, and unjust enrichment. The Bryants claimed they had a prescriptive easement over the areas encroached upon by the grading and block wall. The parties filed competing motions for summary judgment. The district court granted the Bryants' motion on the basis that a prescriptive easement had been established. The Bryants then moved for attorney fees, which the court granted.

On appeal, CSA contends that (1) a prescriptive easement claim cannot be raised as an affirmative defense, (2) the Bryants never had a valid prescriptive easement, and (3) the district court's award of attorney fees was inappropriate.[1]

*Standard of review*

"This court reviews a district court order granting a motion for summary judgment de novo." *Stalk v. Mushkin,* 125 Nev. 21, 24, 199 P.3d 838, 840 (2009). Summary judgment is only appropriate if "no genuine issues of material fact [exist] and the moving party is entitled to judgment as a matter of law." *Id.* at 24-25, 199 P.3d at 840 (internal quotation marks omitted) (alteration in original). Further, "[a]s statutory construction is a question of law, it is subject to de novo review." *J.D.*

---

[1]CSA also argues that the Bryants were unjustly enriched. We conclude that this argument fails since CSA conferred no benefit to the Bryants. *See Certified Fire Prot., Inc., v. Precision Constr., Inc.,* 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) (stating that for unjust enrichment to exist there has to be a showing that a benefit has been conferred).

*Constr., Inc. v. IBEX Int'l Group, LLC*, 126 Nev. 366, 375, 240 P.3d 1033, 1039 (2010).

*The Bryants properly raised the prescriptive easement claim as an affirmative defense*

CSA argues that the prescriptive easement affirmative defense is actually an "action" under NRS 40.090, and, therefore, must be brought as a compulsory counterclaim under NRCP 13(a). We do not agree.

NRS 40.090 is titled "Action by person in adverse possession," and subsection 1 states that

> [a]n action may be brought to determine the adverse claims to and clouds upon title to real property by a person who, personally or in combination with the person's predecessors in interest, has been in the actual, exclusive and adverse possession of such property continuously for more than 15 years prior to the filing of the complaint . . . [and who] paid all taxes of every kind levied or assessed and due against the property during the period of 5 years next preceding the filing of the complaint . . . . The action shall be commenced by the filing of a verified complaint averring the matters above enumerated.

NRCP 13(a) provides for compulsory counterclaims: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." However, NRCP 8(c) provides for affirmative defenses: "In pleading to a preceding pleading, a party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense."

We conclude that NRS 40.090 governs claims for adverse possession, not one for prescriptive easement. The text requiring that all taxes be paid for a claim to exist imposes an element for adverse possession not required to show a prescriptive easement. Thus, NRS 40.090 does not require that an "action . . . be commenced" to determine whether a prescriptive easement exits, and the Bryants properly raised the prescriptive easement claim as an "avoidance or affirmative defense" under NRCP 8(c).

*A prescriptive easement was established as a matter of law*

CSA argues that the Bryants do not have a valid prescriptive easement because they have not shown adverse use of CSA's land. CSA also argues that the Bryants cannot satisfy the peaceable element required to establish a prescriptive easement. We disagree.

"In order to perfect an easement by prescription it is necessary that there be adverse, continuous, open and peaceable use for five years."[2] *Sloat v. Turner*, 93 Nev. 263, 265, 563 P.2d 86, 87 (1977). "The standard of proof in establishing a prescriptive easement is clear and convincing evidence." *Wilfon v. Cyril Hampel 1985 Trust*, 105 Nev. 607, 608, 781 P.2d 769, 770 (1989).

Adverse use is defined as "use without a license or permission." *Adverse Use, Black's Law Dictionary* (10th ed. 2014). CSA argues that Nevada caselaw has established that any use of another's land is presumed permissive, rather than adverse. It is true that "[c]ourts are reluctant to find prescriptive easements over open and unclosed land since

---

[2]CSA does not contend that the continuous or open elements were not fulfilled. Thus, we do not address these elements further.

such use tends to be permissive in nature and does not imply a hostile or adverse use." *Wilfon*, 105 Nev. at 609, 781 P.2d at 770. However, "adversity may be inferred from the circumstances of the use." *Id.*

Here, there is no dispute that the Bryants did not have permission to encroach upon the property. Furthermore, the Bryants made physical alterations to the property including grading and a block wall. Therefore, the circumstances of the Bryants' use of the land are such that adversity may clearly be inferred.

Peaceable possession is defined as "[p]ossession (as of real property) not disturbed by another's hostile or legal attempts to recover possession; esp., wrongful possession that the rightful possessor has appeared to tolerate." *Peaceable Possession, Black's Law Dictionary* (10th ed. 2014). Patrick Bryant stated in his affidavit that no previous owner of the vacant lot had ever "interrupted or prevented" the grading process or the building of the block wall, and no previous owner had ever tried to recover possession of the vacant lot. CSA offered no evidence to contradict the affidavit.

Instead, CSA argues that the limitations provision in NRS 11.090 should be applied to determine the "peaceable" element in prescriptive easements. Because the Bryants have continually possessed the property for many years, CSA argues that the Bryants did not timely file their prescriptive easement claim pursuant to NRS 11.090.

NRS 11.090 states that "[n]o peaceable entry upon real estate shall be deemed sufficient and valid as a claim, unless an action be commenced by the plaintiff for possession within 1 year from the making of such entry, or within 5 years from the time when the right to bring such action accrued."

We conclude that NRS 11.090 does not apply to prescriptive easements. Nevada caselaw has never recognized this statute as applicable to prescribed easements. The California Court of Appeal, however, faced a similar question in *Connolly v. Trabue*, 139 Cal. Rptr. 3d 537 (Ct. App. 2012). There, the court held that the law does not require a plaintiff to bring an action to perfect his claim for prescriptive easement. *Id*. at 544-45, (2012). "Rather, it is the record owner—not the intruder—who must bring an action within five years after adverse possession commences in order to recover the property." *Id*. at 544. The court reasoned that since claims for prescriptive easements only get stronger with time, the onus is on the record owners to bring an action within the limitations period. *Id*. We agree with the *Connolly* court's reasoning and hold that NRS 11.090 does not apply to prescriptive easements. Thus, because the Bryants adversely and peaceably used the vacant lot, they perfected a prescriptive easement over the areas of the vacant lot occupied by the grading and block wall.

*The attorney fees sanction should not be overturned*

Attorney fees are an appropriate sanction "when the court finds that the claim . . . of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney[ ] fees in all appropriate situations." NRS 18.010(2)(b). "Unless there is a manifest abuse of discretion, a district court's award of attorney[ ] fees will not be overturned on appeal." *Nelson v. Peckham Plaza P'ships*, 110 Nev. 23, 26, 866 P.2d 1138, 1139-40 (1994).

The evidence in the record before us supports the district court's findings regarding attorney fees. Thus, we conclude that the

district court did not manifestly abuse its discretion and the attorney fees sanction shall stand.

Accordingly we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Hon. Ronald J. Israel, District Judge
       Kathleen J. England, Settlement Judge
       Benjamin B. Childs
       Lagomarsino Law
       Peters and Associates, LLP
       Eighth District Court Clerk