NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALPHONSO MASON; SONJA BARNUM MASON, | No. 15-15430 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-01709-JCM-NJK |
| v. | MEMORANDUM[*] |
| WELLS FARGO BANK, NA; LINEAR FINANCIAL LP, DBA Pardee Home Loans, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Alphonso Mason and Sonja Barnum Mason appeal pro se from the district

court's judgment dismissing their diversity action alleging violations of Nevada

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

state law in relation to the Mason's mortgage. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Nw. Airlines, Inc. v. Camacho*, 296 F.3d 787, 789 (9th Cir. 2002) (statute of limitations); *Duncan v. Stuetzle*, 76 F.3d 1480, 1484 n.4 (9th Cir. 1996) (motion to remand). We affirm.

The district court properly denied the Masons' motion to remand their action to state court because, contrary to the Masons' contentions, the district court properly determined that diversity jurisdiction existed. *See* 28 U.S.C. §§ 1332(a) & (c)(1), 1348; *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014) (holding that under § 1348, a national bank is "located" only in the state designated as its main office).

The district court properly dismissed the Masons' claims of predatory lending practices under Nev. Rev. Stat. §§ 598D.100 and 598D.110, and their claims of fraud and deceit, misrepresentation, and unconscionability, because the Masons failed to file their action within the applicable statutes of limitations. *See* Nev. Rev. Stat. § 11.190(1)(b), (3)(d), and (4)(b); *USACM Liquidating Trust v. Deloitte & Touche*, 754 F.3d 645, 648 n.5 (9th Cir. 2014) (three-year limitations

period applies to fraud claims under Nevada law); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 901 n.6 (9th Cir. 2013) ("Nevada law provides a six-year statute of limitations for breach of contract claims."); *Matter of Davis*, 946 P.2d 1033, 1040 n.10 (Nev. 1997) (two-year limitations period applies to an action upon a statute for a penalty or forfeiture, except where the statute prescribes a different limitation).

**AFFIRMED.**