# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON STOFFEL, IN HIS INDIVIDUAL CAPACITY AND AS AN ATTORNEY DULY LICENSED IN THE STATE OF NEVADA; ROBERTS LAW GROUP P.C., D/B/A ROBERTS STOFFEL FAMILY LAW GROUP, A NEVADA CORPORATION,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE KENNETH C. CORY, DISTRICT JUDGE,
Respondents,
and
RUSSELL ZITCH,
Real Party in Interest.

No. 71762

FILED

MAR 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss a legal malpractice action.

Having considered the parties' arguments and the record, we conclude that writ relief is warranted, as petitioners are entitled to partial NRCP 12(b)(5) dismissal as a matter of law. *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997) (recognizing that writ relief may be warranted when clear authority obligates a district

court to dismiss an action); *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1024, 967 P.2d 437, 439 (1998) ("A court can dismiss a complaint for failure to sate a claim upon which relief can be granted if the action is barred by the statute of limitations."). It is undisputed that real party in interest Russell Zitch discovered the material facts underlying his legal malpractice claim by March 2013 at the absolute latest.[1] Thus, to comply with NRS 11.207's two-year limitation period, Zitch needed to assert his legal malpractice claim by March 2015. Because Zitch did not assert his claim until June 2016, his claim is time-barred as a matter of law. *Bemis*, 114 Nev. at 1024, 967 P.2d at 439.

We are not persuaded by Zitch's continuing breach argument, as the continuing breach doctrine appears inapposite to this case. That is, Zitch has cited to no authority, nor have we found any, to support the proposition that an attorney continues to commit malpractice against a former client simply by virtue of denying a previous alleged instance of malpractice. *Cf. Stalk v. Mushkin*, 125 Nev. 21, 28-29, 199 P.3d 838, 843 (2009) (observing that a legal malpractice claim is premised on the existence of an attorney-client relationship). Thus, petitioners' statements during the bar proceedings in which they denied committing malpractice cannot reasonably be construed as continuing breaches of their former duties to Zitch. *Cf. id.* Consequently, Zitch's continuing breach argument does not render his legal malpractice claim timely.

---

[1]To the extent that Zitch suggests otherwise in his answer to the petition, he made no such suggestion in district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

We also disagree in large part with Zitch's argument that his claims that are not labeled "legal malpractice" are timely. Specifically, his fourth and fifth claims (breach of contract; breach of the covenant of good faith and fair dealing) are in substance legal malpractice claims, as those claims are premised on petitioners allegedly breaching "duties . . . that would not exist but for the attorney-client relationship." *Id.* at 29, 199 P.3d at 843. Thus, those claims are time-barred by NRS 11.207. *Id.* And because Zitch's second and third claims (negligent hiring; respondeat superior) are derivative of his legal malpractice-related claims, those claims are necessarily subject to dismissal. *See Turner v. Mandalay Sports Entertainment, LLC*, 124 Nev. 213, 221-22, 180 P.3d 1172, 1178 (2008) (observing that a derivative claim necessarily fails if the underlying claim fails); *Doe v. Archdiocese of Milwaukee*, 565 N.W.2d 94, 115 (Wis. 1997) (dismissing claims against an employer for respondeat superior and negligent employment because the claim against the employee was time-barred). However, we agree with Zitch that his sixth claim for intentional infliction of emotional distress is not premised on duties arising from an attorney-client relationship and is therefore not time-barred by NRS 11.207. Accordingly, petitioners' request for writ relief is denied with respect to this claim.[2] Consistent with the foregoing, we

ORDER the petition PARTIALLY GRANTED and direct the clerk of this court to issue a writ of mandamus instructing the district

---

[2]Because the only issue presented in this writ petition is whether Zitch's claims are time-barred by NRS 11.207, we do not consider whether this claim may otherwise be viable.

court to vacate its November 18, 2016, order insofar as that order declined to dismiss Zitch's first through fifth claims and to enter an order granting petitioners' motion to dismiss with respect to those claims.[3]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Kenneth C. Cory, District Judge
       Lipson Neilson Cole Seltzer & Garin, P.C.
       Shawanna L. Johnson
       Eighth District Court Clerk

_____

[3]Petitioners' motion for a stay is denied as moot.