IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY J. BROWN,
Appellant,
vs.
JEFFREY A. DICKERSON,
Respondent.

No. 80153

FILED

SEP 22 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion for relief under NRCP 60(b) in a legal malpractice action. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.[1]

Appellant Gregory Brown filed suit against respondent Jeffrey A. Dickerson alleging Dickerson committed legal malpractice when he represented Brown in an employment termination dispute. The district court granted Dickerson's motion for summary judgment and dismissed Brown's claims because the applicable statute of limitations had expired. The district court also denied Brown's postjudgment NRCP 60(b) motion.

Brown argues that the district court abused its discretion in denying his motion for relief from the judgment pursuant to NRCP 60(b) because his claim for breach of contract should not have been subject to the two-year statute of limitations for legal malpractice claims. *See* NRS 11.207(1) (requiring all claims for legal malpractice to be commenced "within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(1). We therefore decide this matter based on the pro se brief and the record. NRAP 34(f)(1).

Supreme Court
of
Nevada

(O) 1947A

26-34801

cause of action"); NRCP 60(b)(1) (allowing the district court to relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect"). Our review is de novo. *See Patush v. Las Vegas Bistro, LLC*, 135 Nev. 353, 354, 449 P.3d 467, 469 (2019) (noting that whether the statute of limitations has run is a legal question this court reviews de novo). Because all of Brown's claims stem from his attorney-client relationship with Dickerson, we agree with the district court that the two-year limitations period for legal malpractice claims applied to all of his claims, including his claim for breach of contract. *See Stalk v. Mushkin*, 125 Nev. 21, 23, 199 P.3d 838, 839 (2009) (holding that claims "arising from an attorney-client relationship [are] legal malpractice claim[s] . . . subject to the statute of limitations contained in NRS 11.207(1)"). Thus, we conclude that the district court did not abuse its discretion in denying Brown's NRCP 60(b) motion for relief from the judgment. *See Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 656, 428 P.3d 255, 257 (2018) (reviewing a district court order denying relief under NRCP 60 for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. Kathleen M. Drakulich, District Judge
      Gregory J. Brown
      Jeffrey A. Dickerson
      Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A