ARBY W. ALPER AND RUTH ALPER, APPELLANTS, *v.* CLARK COUNTY, NEVADA, RESPONDENT.

No. 8412

November 17, 1977                    571 P.2d 810

*George Rudiak Chartered,* Las Vegas, for Appellants.

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *Melvin R. Whipple,* Deputy District Attorney, Clark County, for Respondent.

*Guild, Hagen & Clark, Ltd.,* and *Constance L. Howard,* Reno, for Amicus Curiae Nevada Taxpayers' Association.

*Lionel Sawyer & Collins* and *Steve Morris,* Las Vegas, for Amicus Curiae MGM Grand Hotel, Inc.

---

**OPINION**

By the Court, MOWBRAY, J.:

The principal issue presented is whether NRS 244.245[1] and NRS 244.250,[2] the Six Months' Claims Statutes, apply to a

---

[1]NRS 244.245(1):

1.   No person shall sue a county in any case for any demand, unless he shall first present his claim or demand to the board of county commissioners and the county auditor for allowance and approval, and if they fail or refuse to allow the same, or some part thereof, the person feeling aggrieved may sue the county.

[2]NRS 244.250:

1.   All unaudited claims or accounts against any county shall be presented to the board of county commissioners within 6 months from the time such claims or accounts become due or payable.

2.   No claim or account against any county shall be audited, allowed

claim for damages in an inverse condemnation proceeding brought by a property owner against a county. The district judge, in dismissing the complaint, held the statutes applicable and constitutional. The appellants, Arby W. Alper and Ruth Alper, who commenced this action, have appealed.

1. Appellants acquired in May 1959 a parcel of real property 225 feet wide and 1,000 feet long, located on the south side of Flamingo Road in Clark County. This case is focused on a portion of that property, originally fronting on the south side of Flamingo Road, and now part of that road, measuring about 50 by 1,000 feet. For clarity, this portion shall be referred to as Parcel 1 and the remainder as Parcel 2.

In November 1966, appellants leased both parcels to Bonanza, a Nevada corporation, to be used as a parking lot. The lease was for a term ending in May 1972 with an option to extend for 50 years. Prior to the execution of the lease, respondent, Clark County, requested appellants to dedicate Parcel 1 to the respondent, so that Flamingo could be widened. Appellants refused to do so. In March 1967, as a condition to securing building permits, Bonanza granted a 52-year easement over Parcel 1 to respondent. Construction was begun on Parcel 1 for widening Flamingo Road in May 1967.

Later, Bonanza filed a voluntary petition in bankruptcy in the federal court. During the bankruptcy proceedings in 1967, appellants appeared before the board of county commissioners to protest the improvements on Parcel 1. After a series of conferences, the county authorities wrote to appellants, acknowledging appellants' ownership of Parcel 1 and the limited interest conveyed by their lessee, Bonanza, and promising not to assert any prescriptive rights to the parcel.[3]

Appellants filed the present action on July 31, 1972, without having filed a claim with the county. After a pretrial conference, District Judge J. Charles Thompson dismissed the

---

or paid by the board of county commissioners, or any other officer of the county, unless the provisions of subsection 1 are strictly complied with.

[3]The June 19, 1968, letter to Alper provided in part:

The County further recognizes that you have an underlying fee to the property and the County will not contend that because of the continued use of the property as a thoroughfare that [sic] any prescriptive right to a street easement can be obtained.

Very truly yours,
[signed] James M. Bartley
JAMES M. BARTLEY
Chief Civil Deputy

action. He determined that Parcel 1 was "taken" by respondent as a matter of law in May 1967, that NRS 244.245 did apply to actions for inverse condemnation, that such application was constitutional, and that appellants' failure to satisfy the statute barred the present action.

2. Appellants seek reversal on the principal ground that NRS 244.245 and 244.250, as applied to actions in inverse condemnation, result in an undue restriction on a federally created and protected right that private property shall not be taken for a public use without the payment of just compensation. The right to just compensation for private property taken for the public use is guaranteed by both the United States and the Nevada Constitutions. U.S. Const. amend. V; Nev. Const. art. 1, § 8. These provisions, as prohibitions on the state and federal governments, are self-executing. *See* Wren v. Dixon, 40 Nev. 170, 190–191, 161 P. 722, 728 (1916). The effect of this is that they give rise to a cause of action regardless of whether the Legislature has provided any statutory procedure authorizing one. As a corollary, such rights cannot be abridged or impaired by statute.

In Alexander v. State, 381 P.2d 780, 782 (Mont. 1963), the court held that compliance with a claim filing statute was not a condition precedent to an action in inverse condemnation, on the ground that such " 'constitutional guaranty needs no legislative support, and is beyond legislative destruction' " (quoting McElroy v. Kansas City, 21 F. 257 (C.C.W.D.Mo. 1884)). Similarly, in Hollenbeck v. City of Seattle, 153 P. 18, 19 (Wash. 1915), the court held that, because inverse condemnation was based on a constitutional right, "no notice of the claim was essential nor could it be required."

In Willis v. Reddin, 418 F.2d 702 (9th Cir. 1969), a claim filing statute established by the California Tort Claims Act was held to violate due process as applied to a civil rights action. The United States district court had sustained a motion to dismiss a civil rights complaint against a county sheriff, on the ground that the notice and time requirements of the California Tort Claims Act were applicable but had not been followed. The California Tort Claims Act waived in certain instances the sovereign immunities of certain public entities, and obligated the public entities to pay judgments rendered

against officers and employees acting within the scope of their employment. Cal. Gov't Code § 825 (West 1966) (*amended,* West Supp. 1977). The Act also required that claims of the character asserted in that case be presented to the public entity within 100 days after the accrual of the cause and that the action be commenced within six months after the claim was acted upon. Cal. Gov't Code § 911.2 (West 1966).

In holding that the motion to dismiss should not have been sustained and that there was no necessity of compliance with § 911.2, the Ninth Circuit Court of Appeals noted as follows:

> In California[,] statutes or ordinances which condition the right to sue the sovereign upon timely filing of claims and actions are more than procedural requirements. They are elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action. When the action is against the public employee rather than the public entity such statutes are given the same effect.
>
> While it may be completely appropriate for California to condition rights which grow out of local law and which are related to waivers of the sovereign immunity of the state and its public entities, California may not impair federally created rights or impose conditions upon them. Were the requirements of the Tort Claims Act nothing more than procedural limitations we would in fashioning the remedial details applicable to the federally created right involved here, determine whether the California courts would apply the requirements of the California Tort Claims Act. However[,] since the requirements of that Act, under the interpretations of the California courts, condition the right, we think it would be singularly inappropriate to fashion a federal procedural detail by any reference to it.

Willis v. Reddin, 418 F.2d at 704–705 (footnotes omitted).

Because § 911.2 was a condition on the right to sue, an element of the plaintiff's cause of action and a condition precedent to the maintenance of suit in California law, the Ninth Circuit Court of Appeals refused to apply that section as a bar to suit on a federally created and protected right. *See also* Reed v. Hutto, 486 F.2d 534 (8th Cir. 1973).

In the instant case it is clear that, if applied to actions of

inverse condemnation, NRS 244.245 and 244.250 would be conditions on the right to sue. The Fifth Amendment to the United States Constitution states that private property shall not be taken for a public use without the payment of just compensation. A suit for inverse condemnation is an action to vindicate the right created and guaranteed by the Fifth Amendment and is applicable to the states by way of the Fourteenth Amendment. To impose a requirement of compliance with our claims statutes would allow a state to impose a precondition to sue on a federally created and protected right. The imposition of such a prerequisite to sue is an impairment of a federal right not countenanced by the ruling of the Ninth Circuit in *Willis*. Consequently, if we were to assume in the case at hand that the claims statutes were intended to cover actions for inverse condemnation, such application would, in our opinion, be unconstitutional.

Therefore, we hold that the claims statutes should not be construed to apply to actions for inverse condemnation, for to do so would deny due process of a constitutionally guaranteed right.

3. Respondent contends that, even if the claims statutes are not a bar, this action is foreclosed by the statute of limitations. The trial judge found that the taking occurred on May 8, 1967, and that the action was not commenced until July 31, 1972, over five years later. Respondent argues that NRS 11.190(5)(b), which provides a one-year limitation period for all claims against a county, bars the action. In the alternative, it is suggested that NRS 11.220, which provides a four-year period for all actions otherwise unprovided for, should bar it. *Cf.* Frustuck v. City of Fairfax, 28 Cal.Rptr. 357 (1963).

Here, however, the record shows an avoidance of the statute. The Respondent County, in its letter of June 19, 1968, promised not to assert any prescriptive rights in the property. See footnote 3, *supra*. As a result, the appellants are not now barred from proceeding in the instant case.

We reverse and remand the case for a trial on the merits.[4]

BATJER, C. J., and THOMPSON, GUNDERSON, and ZENOFF, JJ., concur.

---

[4]The Chief Justice designated HON. DAVID ZENOFF, Justice (Retired), to sit in this case. Nev. Const. art. 6, § 19.