DIFRONZO v VILLAGE OF PORT SANILAC

Docket No. 97252. Submitted November 18, 1987, at Detroit. Decided February 1, 1988. Leave to appeal applied for.

Gaetano Difronzo, owner of lakefront property in Port Sanilac, brought an action in the Sanilac Circuit Court against the Village of Port Sanilac, the Port Authority for the Harbor of Port Sanilac and the Department of Natural Resources seeking damages under theories of trespass, nuisance and inverse condemnation. The court, M. Richard Knoblock, J., granted summary disposition for defendants, holding the plaintiff's claims were barred by a six-year statute of limitations. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff waived the issue of defendant's failure to properly plead the statute of limitations defense by failing to raise the issue in the trial court.

2. Governmental interference with riparian rights and encroachment of private shoreland property may be so egregious as to constitute a taking, allowing an aggrieved property owner to maintain an inverse condemnation action. The applicable period of limitation for such an action is fifteen years.

3. Plaintiff's allegation of nuisance was that the nuisance was continuing.

Reversed and remanded.

1. APPEAL — PRESERVING QUESTION.

An issue not properly raised or objected to at trial is generally waived on appeal.

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Eminent Domain §§ 157 *et seq.*; 193, 194, 479, 481, 498-500.

Am Jur 2d, Waters §§ 262, 276.

Supreme Court's views as to what constitutes "taking," within meaning of Fifth Amendment's command that private property not be taken for public use without just compensation. 57 L Ed 2d 1254.

State statute of limitations applicable to inverse condemnation or similar proceedings by landowner to obtain compensation for direct appropriation of land without the institution or conclusion of formal proceedings against specific owner. 26 ALR4th 68.

2. EMINENT DOMAIN — NAVIGABLE WATERS — RIPARIAN RIGHTS.

    Governmental interference with riparian rights and encroachment on private shoreland property may be so egregious as to constitute a taking, allowing an aggrieved property owner to maintain an inverse condemnation action.

3. LIMITATION OF ACTIONS — EMINENT DOMAIN — INVERSE CONDEMNATION — ADVERSE POSSESSION.

    The period of limitation for bringing an inverse condemnation action is the period applicable to actions for adverse possession, fifteen years (MCL 600.5801[4]; MSA 27A.5801[4]).

4. LIMITATION OF ACTIONS — NUISANCE — CONTINUING NUISANCE.

    The period of limitations for a nuisance does not begin to run from the date of the first act where there are wrongful acts of a continuing nature.

*Deborah LaBelle* and *Judith A. Curtis,* of Counsel, for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Deanna E. Hazen*), for defendants Village of Port Sanilac and Port Authority for the Harbor of Port Sanilac.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Terry L. Norton,* Assistant Attorneys General, for defendant Department of Natural Resources.

Before: D. F. WALSH, P.J., and SHEPHERD and A. T. DAVIS, JR.,* JJ.

SHEPHERD, J. Plaintiff is the owner of shorefront property in Port Sanilac, Michigan, which borders Lake Huron. Plaintiff appeals dismissal of his suit alleging, inter alia, inverse condemnation and trespass against defendants on the basis that the period of limitations had run. We reverse and remand.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff took title to the shoreland in 1968. The property had previously been used as a roller skating rink. In 1971, defendant Department of Natural Resources deeded to defendant Village of Port Sanilac unpatented Lake Huron bottom land located adjacent to plaintiff's property pursuant to the Great Lakes Submerged Lands Act. MCL 322.701 *et seq.;* MSA 13.700(1) *et seq.* The village and defendant Port Authority for the Harbor of Port Sanilac planned to build a harbor and necessary facilities, and subsequently the bottom land was used as part of the harbor project.

On May 29, 1985, plaintiff filed a complaint alleging (1) trespass (2) violation of the act, (3) inverse condemnation, and (4) nuisance. The first cause of action was asserted only against the village and port authority; the third cause of action only against the village and the DNR, and the fourth against all three defendants. Defendants filed motions for summary disposition arguing that plaintiff's claim was barred by the statute of limitations. In a November 3, 1986, written opinion, the trial court rejected application of the fifteen-year limitation period urged by plaintiff. The court ruled that a six-year period of limitation applied to all of plaintiff's claims and therefore dismissed the suit as barred by the statute of limitations. Plaintiff now appeals dismissal of his suit.

I

Preliminarily, plaintiff argues that defendants have waived the statute of limitations defense by failing to raise the defense no later than their first responsive pleading. MCR 2.111(F), 2.116(C)(7), and 2.116(D)(2). *Geisland v Csutoras,* 78 Mich App 624, 629-630; 261 NW2d 537 (1977). None of the defendants raised the statute of limitations defense in

their first responsive pleading or at a motion filed at or before their first responsive pleading. The answer filed by the village and the port authority contains no mention of the statute of limitations defense other than a sentence stating that they reserve the right to file affirmative defenses during and upon completion of discovery. The DNR filed no responsive pleading at all. DNR chose to respond with a motion for summary disposition filed in June, 1985. The statute of limitations defense was not raised in that initial motion and was not added until the DNR filed an amended motion for summary disposition on November 1, 1985.

On the other hand, plaintiff failed to raise his waiver claim below. Rather, he chose to attack the statute of limitations defense on its merits. An issue not properly raised or objected to at trial is generally waived on appeal. *Bufford v Brent,* 115 Mich App 146; 320 NW2d 323 (1982), lv den 417 Mich 881 (1983). We believe plaintiff has therefore waived the issue that defendants failed to properly plead the statute of limitations.

## II

We now turn to the statute of limitations issue proper. Although plaintiff has alleged several bases for his cause of action, his most significant allegation is that defendants' action constitutes an inverse condemnation. In response to this allegation the defendants have established a straw man; they argued below, and on appeal, that plaintiff had no possessory interest in the Lake Huron bottom land and therefore nothing was taken. Insofar as it goes, that is the case. However, plaintiff's complaint clearly alleges that defendants have encroached on his property, that he has lost frontage property and that defendants

have interfered with his littoral or riparian rights. Defendants do not deny constructing a walkway across plaintiff's property and do not deny construction of harbor facilities fronting plaintiff's property.

The law in Michigan is clear that government interference with riparian rights and encroachment on private shoreland property may be so egregious as to constitute a taking, allowing an aggrieved property owner to maintain an inverse condemnation action:

> Riparian rights are property, for the taking or destruction of which by the State compensation must be made, unless the use has a real and substantial relation to a paramount trust purpose. The State cannot impair or defeat riparian rights by a grant of land under water; nor cut off the owner's access to the water by construction of a highway; nor grant to strangers the right to erect wharves in front of his property; nor erect a bathhouse on the shore to interfere with the right of access. On the contrary, the right of the State to use the bed of the lake, except for the trust purposes, is subordinate to that of the riparian owner. [*Hilt v Weber,* 252 Mich 198, 225-226; 233 NW 159 (1930). Citations omitted.]

See also *Klais v Danowski,* 373 Mich 262, 279; 129 NW2d 414 (1964); *Tamulion v Waterways Comm'n,* 50 Mich App 60, 66; 212 NW2d 828 (1973).

In deciding a motion for summary disposition under MCR 2.116(C)(7), the trial court must accept all well-pled allegations of the nonmoving party as true. *Kircos v Goodyear Tire & Rubber Co,* 108 Mich App 781, 783; 311 NW2d 139 (1981), lv den 414 Mich 971 (1982). We therefore take as true that defendants have encroached on plaintiff's lake frontage, that defendants' construction of the har-

bor encroached on his land, and that the harbor facilities have deprived plaintiff of certain of his riparian rights.

The key issue is whether plaintiff's fourteen-year-old claim is barred by the statute of limitations. There is no specific statute of limitations which by its terms is applicable. Plaintiff argues that the fifteen-year period set forth for the recovery or possession of land is most analogous in an inverse condemnation action. MCL 600.5801(4); MSA 27A.5801(4). The trial court, concluding that plaintiff had no possessory interest in this dispute, followed the analysis in the Supreme Court case of *Hart v Detroit,* 416 Mich 488; 331 NW2d 438 (1982), and held that a general six-year period of limitations applied. MCL 600.5813; MSA 27A.5813. In *Hart,* the Supreme Court held a general six-year period of limitations for "personal actions" applies to inverse condemnation actions where the land owners lost all title and interest to their property upon expiration of a period of redemption following sale of the property for nonpayment of taxes. *Hart* is readily distinguishable from the instant case because plaintiff still retains ownership rights in the lakeshore property he claims has been de facto taken.

In fact, the *Hart* Court also stated:

> We do not foreclose the possibility that on the proper facts, where a plaintiff retains ownership rights in the property when suit is brought, the analogy to adverse possession may be applied. [*Hart,* 499.]

This is such a case. The Supreme Court noted that the rationale for applying the adverse possession limitation period rested on the owner's present interest in the property. *Hart,* 498. Without

question plaintiff has a present interest in lake frontage and riparian rights.

Furthermore, this application to inverse condemnation actions of the fifteen-year limitation period found in the adverse possession limitation statute comports with the general rule in this country.[1] See *Hart*, 498; see also *Krambeck v City of Gretna*, 198 Neb 608; 254 NW2d 691 (1977); *Ackerman v Port of Seattle*, 55 Wash 2d 400; 348 P2d 664 (1960); *City of Snohomish v Joslin*, 9 Wash App 495; 513 P2d 293 (1973); *Frustuck v City of Fairfax*, 212 Cal App 2d 345; 28 Cal Rptr 357 (1963); *Brazos River Authority v City of Graham*, 163 Tex 167; 354 SW2d 99 (1961). We therefore conclude that plaintiff's action is governed by the fifteen-year statute of limitations. MCL 600.5801(4); MSA 27A.5801(4).

III

In ruling on plaintiff's trespass allegation the trial court concluded that plaintiff had no possessory interest in the Lake Huron bottom lands. From that conclusion the trial court held that plaintiff could not maintain a trespass action on land he had no possessory interest in and therefore concluded that the fifteen-year statute of limitations was inapplicable. This conclusion stems from the erroneous initial premise alluded to in our discussion of the inverse condemnation issue:

---

[1] Perhaps the only broadly recognized general rule that may be extracted [from the cases] is . . . that in the absence of any specifically applicable statute of limitations, directly provided by a statute pertaining to landowners' actions for compensation for the taking of land for public purposes, or discoverable by a reference made thereto in such a statute, no statute of limitations short of the period to obtain title by adverse possession . . . or no statute of limitations at all . . . may bar the landowner's action. [26 ALR4th 68, 73.]

namely, that plaintiff is claiming an interest in the bottom land. Again, we emphasize the language of the complaint which complains of physical encroachment on lake frontage and property and interference with riparian rights.

Every unauthorized entry upon the private property of another constitutes a trespass. *Giddings v Rogalewski,* 192 Mich 319; 158 NW 951 (1916). In order to recover for a trespass, plaintiff must have title. *Saph v Auditor General,* 317 Mich 191; 26 NW2d 882 (1947). Defendants do not dispute that plaintiff had title to the lakefront property; and it is invasion of this property of which he complains. Plaintiff has argued that defendants constructed a walkway across his property and made other encroachments on his property. He seeks to recover possession. Although he has slept on his rights for some fourteen years, by complaint he has now sought to recover. He is within the fifteen-year limitation period. MCL 600.5801(4); MSA 27A.5801(4). Whether plaintiff may be precluded from all or part of the relief he seeks as a result of laches is not now before us, and we leave that matter to the trial court on remand.

IV

Plaintiff has also alleged a nuisance cause of action. Plaintiff argues that defendants' intrusion onto his property and interference with his riparian rights constitutes a nuisance. Moreover, he contends that it is a continuing nuisance and thereby avoids the three-year statute of limitations on nuisance actions. MCL 600.5805(8); MSA 27A.5805(8). The trial court summarily dismissed the allegation concluding: "the statute of limitation applicable to the alternate theories of recovery pled by plaintiff being six years or less, recov-

ery under those theories is barred as well." If a nuisance is of a continuing nature the period of limitations does not begin to run from the date of the first act. *Hodgeson v Genesee Co Drain Comm'r,* 52 Mich App 411, 413; 217 NW2d 395 (1974), lv den 391 Mich 843 (1974).

Plaintiff has pled that the intrusion in this case is ongoing. We therefore reverse the trial court holding that the period of limitations has run. Parenthetically we note that on remand plaintiff may not be able to sustain the nuisance allegation as a matter of law given the fact that a nuisance claim is predicated upon a dangerous condition. *Rosario v Lansing,* 403 Mich 124, 132; 268 NW2d 230 (1978) (opinion of FITZGERALD, J.).

v

Finally, plaintiff has alleged that defendants village and port authority failed to comply with the statutory procedural requirements in the transaction of the bottom land, MCL 322.404; MSA 13.704, by failing to notify and advise plaintiff of his rights as a littoral landowner, by failing to provide a proper, surveyed description of the lands and water, by failing to provide the names of interested property owners in its application for a deed, by failing to submit the written consent of all persons having an interest in the land in its application, and by failing to insure that all littoral property owners' rights were protected. In his statement of damages plaintiff alleges, essentially, that failure to comply has resulted in the taking of his property and riparian rights. Except to conclude that all of plaintiff's ultimate theories of recovery were barred by a six-year statute of limitations, the trial court did not specifically address this issue. We have already concluded that

the fifteen-year statute of limitations applies and therefore plaintiff is entitled to maintain his suit. The precise consequences, if any, of failure to comply with the notice requirements may be addressed on remand.

Reversed and remanded.