WHITE PINE LUMBER COMPANY AND LAKE-RIDGE, APPELLANTS, v. THE CITY OF RENO, RESPONDENT.

No. 20731

November 28, 1990                    801 P.2d 1370

*Vargas and Bartlett* and *C. Thomas Burton and Robert W. Marshall,* Reno, for Appellants.

*Patricia Lynch,* Reno City Attorney, *Madeline Shipman,* Deputy City Attorney, Reno, for Respondent.

## OPINION

*Per Curiam:*

In late 1979, appellant White Pine Lumber Company (White Pine) irrevocably offered for dedication to respondent City of Reno (Reno) a parcel of land in Washoe County. This offer was required by Reno as a condition for approval of a condominium project proposed in part by White Pine. On December 24, 1979, Reno approved the project, but rejected the offer of dedication. Seven years later, on November 10, 1986, Reno adopted a resolution accepting the offer of the parcel.

White Pine then commenced this lawsuit on March 30, 1988, alleging that Reno's action, conditioning approval of the project on the donation of the parcel, constituted a "taking" of appellant's property, in violation of the fifth and fourteenth amendments of the United States Constitution. The district court held that White Pine's suit was barred by the statute of limitations and therefore dismissed the complaint. Specifically, the court below held that: (1) the four-year limitations period provided under NRS 11.220 applies to "wrongful takings" cases; and (2) the "taking", if any, occurred in December of 1979.

On appeal, White Pine challenges both of these conclusions. We address only the issue concerning the applicable limitations period, however, and hold that the fifteen-year period found in NRS 40.090 applies in "takings" actions.[1]

---

[1]Although Nevada has two adverse possession statutes, NRS 11.150 (five years) and NRS 40.090 (fifteen years), NRS 40.090 provides the most appropriate limitations period. This is because NRS 11.150 is used only where the adverse possessor has paid taxes throughout the period. Here, White Pine paid taxes until 1986, and thus NRS 40.090, and not NRS 11.150, should apply.

A majority of courts that have considered the issue have applied the adverse possessions statute rather than the "catch all" provision, to "takings" claims.[2] *See, e.g.*, Frustuck v. City of Fairfax, 212 Cal.App.2d 345, 374, 28 Cal.Rptr. 357, 374-75 (1963); Difronzo v. Village of Port Sanilac, 419 N.W.2d 756, 759 (Mich. 1988); Krambeck v. City of Gretna, 254 N.W.2d 691, 695 (Neb. 1977); Brazos River Authority v. City of Graham, 354 S.W.2d 99, 109-110 (Tex. 1961); Ackerman v. Port of Seattle, 348 P.2d 664, 667 (Wash. 1960). *Cf.* Scott v. City of Sioux City, 432 N.W.2d 144, 147 (Iowa 1988) (applying catch-all statute); Millison v. Wilzack, 551 A.2d 899, 902 (Md.Ct. Spec.App. 1989) (same).

In Frustuck v. City of Fairfax, 212 Cal.App.2d 345, 374, 28 Cal.Rptr. 357, 374-75 (1963), cited by this court with approval in Alper v. Clark County, 93 Nev. 569, 571 P.2d 810 (1977), the court applied this majority rule. The *Frustuck* court reasoned that the landowner's right of recovery grows out of his title to the land, and thus the landowner should have a right to bring the action until he has lost title to the land by virtue of adverse possession. *Id.* at 374, 28 Cal.Rptr. at 374-75.

In Ackerman v. Port Seattle, 348 P.2d 664 (Wash. 1960), the court reached the same conclusion by way of a different analysis. The *Ackerman* court reasoned that because "takings" claims are of a constitutional magnitude, these claims cannot be cut off by the passage of time short of the government's acquiring title through adverse possession. *Id.* at 667.

We find the reasoning expressed in these decisions compelling. We feel that had the "taker" in this case been a private party, the applicable limitations period would have been the one for acquiring title by adverse possession. The identity of the party doing the "taking" should not change this analysis, especially in light of the constitutional nature of appellant's claim. Consequently, we hold that the fifteen-year period provided in NRS 40.090 is the appropriate limitations period in "takings" actions.[3]

---

[2]"Perhaps the only broadly recognized general rule that may be extracted . . . involving [this issue] is the one that in absence of any specifically applicable statute of limitations . . . no statute of limitations short of the period required to obtain title by adverse possession . . . may bar the landowner's action . . . ." 26 A.L.R.4th 68, 73 (1983). *See also* Difronzo v. Village of Port Sanilac, 419 N.W.2d 756 (Mich. 1988) ("application to inverse condemnation actions of the fifteen year period found in the adverse possession limitation statute comports with the general rule in this country").

[3]Respondent contends that our decision in Alper v. Clark County, 93 Nev. 569, 571 P.2d 810 (1977), controls this case, and mandates the application of

Because of our resolution of this issue, we find it unnecessary to determine the exact time that White Pine's cause of action, if any, arose, since even if the limitations period began to run in 1979, appellant's claim was filed well within the applicable fifteen-year period. We therefore remand this matter to the district court for further proceedings consistent with the views expressed herein.

the four-year limitation period set forth in NRS 11.220. We disagree. *Alper* involved a situation where Clark County had allegedly "taken" plaintiff's land in 1967. *Id.* at 572, 571 P.2d at 811. Clark County argued that the suit was barred by the statute of limitations because plaintiff filed his "takings" claim in 1972. *Id.* at 574, 571 P.2d at 813.

In support of this position, the county urged application of either NRS 11.190 (one-year limitation on all claims brought against county) or NRS 11.220 (four-year catch-all statute). *Id.* Because Clark County had affirmatively misled plaintiff into not filing suit, however, we held that the county was estopped from raising a statute of limitations defense. *Id.* Therefore, we did not decide, nor even hint, in *Alper* that either of the statutes offered by the county was applicable.