132 Nev., Advance Opinion 75

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DEBORAH PERRY, AN INDIVIDUAL, ON BEHALF OF HERSELF AND ALL SIMILARLY SITUATED INDIVIDUALS, Appellant, vs. TERRIBLE HERBST, INC., A NEVADA CORPORATION, D/B/A TERRIBLE HERBST, Respondent. | No. 68030 |

**FILED**

OCT 27 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order, certified as final under NRCP 54(b), granting a motion for judgment on the pleadings in a minimum wage matter. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

*Affirmed.*

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and Bradley S. Schrager, Daniel Bravo, and Don Springmeyer, Las Vegas,
for Appellant.

Littler Mendelson, P.C., and Montgomery Y. Paek, Kathryn B. Blakey, Roger L. Grandgenett, II, and Rick D. Roskelley, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.[1]

_____

[1]The Honorable Nancy M. Saitta, Justice, having retired, this matter was decided by a six-justice court.

*OPINION*

By the Court, PICKERING, J.:

The Minimum Wage Amendment (MWA) was added to the Nevada Constitution in 2006. Nev. Const. art. 15, § 16. The MWA guarantees employees payment of a specified minimum wage and gives an employee whose employer violates the MWA the right to "bring an action against his or her employer in the courts of this State . . . to remedy any violation." *Id.* § 16(B). Because the MWA does not specify a statute of limitations for the right of action it establishes, we are asked to determine whether the two-year statute of limitations in NRS 608.260 or the catch-all four-year statute of limitations in NRS 11.220 applies to claims asserted under the MWA. The district court held that MWA claims are closely analogous to those provided for in NRS Chapter 608 and, thus, that the two-year statute of limitations in NRS 608.260 controls. We affirm.

I.

Appellant Deborah Perry worked as a cashier at one of respondent Terrible Herbst, Inc.'s convenience and gas station stores in Clark County, Nevada, from May 2007 until March 2012. More than two years after she last worked for Terrible Herbst, in July of 2014, Perry filed a class action lawsuit, alleging that Terrible Herbst failed to pay her and other similarly situated employees the minimum wage required by the Minimum Wage Amendment to the Nevada Constitution. The MWA guarantees two tiers of minimum wages and permits an employer to pay the lower-tier wage if the employer provides qualifying health benefits. Nev. Const. art. 15, § 16(A). As relevant here, the minimum wage in 2010-2014 for employers providing health benefits to their employees was $7.25 per hour, while employers not providing health benefits had to pay $8.25



per hour. In her complaint, Perry asserted that she was paid less than $8.25 an hour even though Terrible Herbst failed to provide her with a qualifying health insurance plan. The complaint was later amended to name other plaintiffs with similar claims against Terrible Herbst.

In response to Perry's complaint, Terrible Herbst filed a motion for judgment on the pleadings under NRCP 12(c). Citing the two-year statute of limitations in NRS 608.260, Terrible Herbst sought judgment in its favor on all claims for damages that were more than two years old in July 2014, when Perry filed suit. NRS 608.260 predates the MWA, and by its terms applies to suits for underpayment of the minimum wage prescribed by regulation of the Labor Commissioner. Because the MWA does not provide its own statute of limitations and the right of action it creates most closely resembles that afforded by NRS Chapter 608, the district court applied NRS 608.260 to Perry's MWA claims. This concluded Perry's claims, given that she stopped working for Terrible Herbst more than two years before she sued. Although other plaintiffs' claims for wages earned within the NRS 608.260 two-year period remain pending, the district court certified its judgment against Perry as final under NRCP 54(b), so Perry could immediately appeal.

II.

The district court may grant a motion for judgment on the pleadings under NRCP 12(c) when the material facts of the case "are not in dispute and the movant is entitled to judgment as a matter of law." *Sadler v. PacifiCare of Nev., Inc.*, 130 Nev., Adv. Op. 98, 340 P.3d 1264, 1266 (2014) (internal quotation marks omitted). Whether Terrible Herbst was entitled to judgment as a matter of law against Perry based on the two-year limitations period in NRS 608.260 presents a question of law that we review de novo. *Id.*

## A.

The MWA establishes a base minimum wage, explains how adjustments to the base minimum wage are to be calculated, and specifies that the right to a minimum wage cannot be waived contractually except in a bona fide collective bargaining agreement. Nev. Const. art. 15, § 16. Paragraph B of the MWA establishes the right of employees to sue their employer if the employer does not pay the constitutionally guaranteed wage:

> An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief.

Nev. Const. art. 15, § 16(B). The MWA sets no time frame within which an employee must bring such an action.

When the MWA was adopted in 2006, Nevada already had in place a statutory scheme providing for payment of minimum wages. *See* NRS Ch. 608. NRS 608.250 delegates to the Labor Commissioner the obligation to, "in accordance with federal law, establish by regulation the minimum wage [and to] prescribe increases in the minimum wage in accordance with those prescribed by federal law, unless the Labor Commissioner determines that those increases are contrary to the public interest." NRS 608.260 gives employees the right to sue for back pay if their employers fail to pay the minimum wage rate established by Labor Commissioner regulation. Unlike the MWA, which is silent as to a statute of limitations period, NRS 608.260 imposes a two-year limitations period on statutory back-pay claims:

SUPREME COURT
OF
NEVADA

(O) 1947A

4

If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage.

The district court applied the two-year limitation period in NRS 608.260 to Perry's back-pay claims. Perry argues that, because she bases her claims on the MWA, not NRS 608.260, the longer statute of limitations in NRS 11.220 should apply. NRS 11.220 provides a catch-all limitations period for any right of action not otherwise provided for by law: "An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."

B.

Statutes of limitation exist "to provide a concrete time frame within which a plaintiff must file a lawsuit and after which a defendant is afforded a level of security." *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 257, 277 P.3d 458, 465 (2012). The nature of the claim, not its label, determines what statute of limitations applies. *Stalk v. Mushkin*, 125 Nev. 21, 25, 199 P.3d 838, 841 (2009). Typically, "[w]hen a statute lacks an express limitations period, courts look to analogous causes of action for which an express limitations period is available either by statute or by case law." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 518 (Tex. 1998); *see Bellemare v. Wachovia Mortg. Corp.*, 931 A.2d 916, 921 (Conn. 2007) ("[W]hen a statute includes no express statute of limitations, we should not simply assume that there is no limitation period. Instead, we borrow the most suitable statute of limitations on the

SUPREME COURT
OF
NEVADA

(O) 1947A

5

basis of the nature of the cause of action or of the right sued upon."); *cf. In re Amerco Derivative Litig.*, 127 Nev. 196, 228, 252 P.3d 681, 703 (2011) (applying the three-year statute of limitations for fraud to an analogous claim for breach of fiduciary duty).

Here, Perry seeks damages from Terrible Herbst based on her allegation that it failed to pay her the MWA-required minimum wage. Though asserted directly under the MWA, Perry's claim for relief closely resembles, if it is not in fact, an action for back pay under NRS 608.260. Where NRS 608.260 authorizes suit by an employee to recover "the difference between the amount paid to the employee and the amount of the minimum wage [as] prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250," the MWA authorizes an employee whose employer fails to pay the MWA-required minimum wage to bring an action at "law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief." Nev. Const. art. 15, § 16(B). The method of calculating damages for an MWA claim derives directly from the Constitution rather than the Labor Commissioner's regulations, *but see* NAC 608.100(1) & (2) (Labor Commissioner regulation purporting to establish minimum wage rates by reference to both the MWA and federal law, as required by NRS 608.250), and the MWA affords a broader array of remedies than the back-pay claim NRS 608.260 allows. But these distinctions do not alter the fact that Perry's claim is that Terrible Herbst failed to pay the minimum wage required by Nevada law, specifically, the Nevada Constitution. *Cf. Whittington v. Dragon Grp., LLC*, 991 A.2d 1, 9 (Del. 2009) ("The general rule for determining which statute of limitations should apply by analogy to a suit in equity is that the applicable statute of

limitations should be applied as a bar in those cases which fall within that field of equity jurisdiction which is concurrent with analogous suits at law.") (internal quotation omitted). Under both NRS Chapter 608 and the MWA, employees can bring a cause of action alleging that their employer did not pay them the required minimum wage as calculated within their respective provisions. NRS 608.260; Nev. Const. art. 15, § 16(B). The method for determining the minimum wage should not alter the applicable limitations period.

In Perry's view, the MWA's detailed framework and silence as to any statute of limitations effect an implied repeal of NRS 608.260, making it appropriate to apply the catch-all four-year limitations period in NRS 11.220. A constitutional amendment impliedly repeals a statute "where the two are irreconcilably repugnant, such that both cannot stand." *Thomas v. Nev. Yellow Cab Corp.*, 130 Nev., Adv. Op. 52, 327 P.3d 518, 521 (2014) (internal quotation omitted). But unlike the taxicab drivers in *Thomas*—to whom the MWA applied where NRS 608.250(2)(e) excepted them categorically—no direct conflict exists between the MWA's silence as to the appropriate statute of limitations to apply and the two-year statute of limitations provided in NRS 608.260. On the contrary, "we have two . . . provisions that are capable of coexistence" so long as the statute is understood, as it may reasonably be, to supplement gaps in the MWA's terms. *L.D.G. v. Holder*, 744 F.3d 1022, 1031 (7th Cir. 2014). In interpreting legal texts, "silence is a poor beacon to follow." *Zuber v. Allen*, 396 U.S. 168, 185 (1969). With no direct conflict between the MWA and NRS 608.260's two-year statute of limitations, the former cannot be said to

have impliedly repealed the latter such that, by default, NRS 11.220 applies.[2]

In *White Pine Lumber Co. v. City of Reno*, 106 Nev. 778, 779, 801 P.2d 1370, 1371 (1990), this court considered whether NRS 11.220's catch-all statute of limitations applied to a governmental takings action. The district court applied NRS 11.220 but this court overruled the district court and held that the fifteen-year period found in NRS 40.090—the adverse possession statute—applied. *Id.* at 780, 801 P.2d at 1371-72. This court reasoned, in part, that the adverse possession statute applied when the "taker" of property is a private party and that "[t]he identity of the party doing the 'taking' should not change this analysis." *Id.* at 780, 801 P.2d at 1371. Similarly, here, if Perry had brought her claim under NRS 608.260, the statute of limitations contained therein would undeniably have applied. *White Pine* suggests that the fact that Perry's claim arises under the MWA instead of NRS 608.260 does not change the applicable limitations period.[3]

---

[2]Our holding that Perry's MWA claim is most closely analogous to a claim under NRS 608.260 for purposes of applying the latter's two-year statute of limitations also makes unavailing Perry's alternative suggestion that we apply NRS 11.190(2)(c), which affords four years to sue "upon a contract, obligation or liability not founded upon an instrument in writing."

[3]Other courts have likewise opted not to apply their catch-all statute of limitations where there is a more closely analogous statute or where the state legislature has provided another more specific limitations period. *See Geneva Towers Ltd. P'ship v. City & Cty. of San Francisco*, 60 P.3d 692, 695 (Cal. 2003) (overturning the appellate court's decision to apply the catch-all provision because another more specific limitation period was applicable); *Adkins v. Burlington N. Santa Fe R.R. Co.*, 615 N.W.2d 469, 472-3 (Neb. 2000) (declining to apply the catch-all statute of limitations

*continued on next page...*

Perry asserts that this court should not analogize her MWA claim to a claim under NRS 608.260 because NRS 11.220's catch-all limitations period exists for this exact situation, where there exist "claims that cannot be made under any other law, but for which no limitation is expressly provided." She cites to *Gabriel v. O'Hara*, 534 A.2d 488 (Pa. Super. Ct. 1987), for support.

In *Gabriel*, the Pennsylvania Superior Court attempted to determine the proper statute of limitations for private enforcement actions brought under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), which was silent on the matter. *Id.* at 489. The lower court had analogized the plaintiff's UTPCPL claim to one for fraud and deceit and applied the two-year statute of limitations for those claims. *Id.* at 493. In contrast, a federal district court had analogized a different plaintiff's UTPCPL claim to libel and applied the shorter, one-year statute of limitations for a libel cause of action. *Id.* at 493-94. The appellate court in *Gabriel* noted that the analysis used by the two separate trial courts both "involved application of the most closely analogous limitations period" based on the claims in each case. *Id.* at 494. The courts had reached inconsistent results, however, because the UTPCPL encompassed "an array of practices which might be analogized to passing

---

*...continued*
because the legislature indicated that a particular statute of limitations should apply to the claim); *Johnson & Higgins of Tex.*, 962 S.W.2d at 518 (overruling courts that applied the general statute of limitations for breach of written contracts to the Insurance Code and instead applied the statute of limitations in the Deceptive Trade Practices-Consumer Protection Act (DTPA) to the Insurance Code as claims under the Insurance Code were more analogous to DTPA claims).

off, misappropriation, trademark infringement, disparagement, false advertising, fraud, breach of contract, and breach of warranty." *Id.* (footnotes omitted). Thus, since applying the most analogous limitations period would result in the use of different statutes of limitations in every case brought under the UTPCPL, the court held that the six-year catch-all limitations period applied to such claims. *See id.*

In *Gabriel*, the multifarious claims authorized by statute made it impossible to analogize them to any other type of claim consistently, and since the UTPCPL was silent on the statute of limitations, the court applied the catch-all provision. Here, no such inconsistency appears: the MWA remains most closely analogous to one statute, NRS 608.260, which carries a two-year limitations period. In contrast to *Gabriel*, applying the two-year limitations period in NRS 608.260 to MWA claims promotes uniformity, not the reverse. *See Bellemare*, 931 A.2d at 922 (rejecting argument that "would lead to multiple statutes of limitation being applicable" to a duty created by law). As an example, NRS 608.115 requires employers to maintain an employee's record of wages for two years. If the four-year limitations period in NRS 11.220 applied to MWA claims, an employee could bring a claim after the employer is no longer legally obligated to keep the record of wages for the employee. Analogizing Perry's MWA claim to one under NRS 608.260 and applying NRS 608.260's two-year limitations period avoids conflict between the MWA and existing law.

III.

When a right of action does not have an express limitations period, we apply the most closely analogous limitations period. The MWA does not expressly indicate which limitations period applies and the most

SUPREME COURT
OF
NEVADA

(O) 1947A

10

closely analogous statute to the MWA is NRS 608.260, as both permit an employee to sue his employer for failure to pay the minimum wage. Moreover, applying the NRS 608.260 limitations period is consistent with Nevada minimum wage law. Accordingly, we affirm the district court's order granting Terrible Herbst's motion for judgment on the pleadings and dismissing Perry's claim.

_____, J.
Pickering

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons