# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN F. BOSTA; AND FRANK MAURIZIO, AND OTHERS SIMILARY SITUATED,
Appellants,
vs.
JASON KING, THE STATE ENGINEER, IN HIS OFFICIAL AND PERSONAL CAPACITY,
Respondent.

No. 68448



FILED

OCT 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a preliminary injunction and dismissing appellants' complaint in a water rights action. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Having considered the parties' arguments and the record, we agree with the district court's decision to dismiss appellants' first amended complaint and to deny their request for an injunction. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (recognizing that this court reviews de novo the district court's dismissal of a complaint). On appeal, appellants primarily contend that respondent lacks authority to regulate the usage of their wells because (1) percolating groundwater is private property that is part of the real property under which the water lies; and (2) even if percolating groundwater is not private property, appellants are not "person[s]" within the meaning of NRS 534.014

17-35059

such that NRS Chapter 534 does not apply to them.[1] We disagree with both arguments for the reasons explained below.

With respect to appellants' first argument, to the extent that *Mosier v. Caldwell*, 7 Nev. 363 (1872), can be interpreted as granting a private property right to percolating groundwater,[2] the Legislature unequivocally overturned that decision when it enacted the 1939 Water Act (section 1 of which would become NRS 534.020). Consequently, as of 1939, percolating groundwater in Nevada "belong[s] to the public" subject to all rights that existed as of 1939.[3] NRS 534.020. Appellants' purported ability

---

[1]Appellants argue throughout their briefs that respondent has no "jurisdiction" over them or their wells. Although the confines of these arguments are unclear, this disposition attempts to address what appears to be the main components of the arguments.

[2]The language that appellants purport to quote from *Mosier* is not part of this court's opinion and instead appears to derive from *Subterranean and Percolating Waters; Springs; Wells*, 55 A.L.R. 1385 (originally published in 1928). Similarly, although appellants accurately quote *Bergman v. Kearny*, 241 F. 884 (D. Nev. 1917), the language they quote is a summary of the plaintiffs' argument, which is an argument the court rejected later in the opinion, *id.* at 892-93.

[3]Appellants suggest that the Legislature's 1939 decision to overturn *Mosier* constituted a "taking" of appellants' (or their predecessors') groundwater rights requiring just compensation. Although the record contains no indication when appellants (or their predecessors) acquired their respective properties such that appellants (or their predecessors) may have ever arguably had a viable takings claim, we note that appellants' 2015 complaint in which they purported to assert such a claim would be time-barred. *See City of N. Las Vegas v. 5th & Centennial, LLC*, 130 Nev., Adv. Op. 66, 331 P.3d 896, 900 (2014) ("[A] 15-year statute of limitations applies 'in "takings" actions.'" (quoting *White Pine Lumber Co. v. City of Reno*, 106 Nev. 778, 780, 801 P.2d 1370, 1371-72 (1990)); *Hair v. United*

to trace their respective titles back to a federal land patent does not change this result, as appellants have not identified any provision of federal law suggesting that Congress intended to prohibit the State of Nevada from declaring percolating groundwater a public resource subject to regulation.[4]

With respect to appellants' second argument, we conclude that NRS 534.014's definition of "person" expands on NRS 0.039's general definition of that term such that appellants are "persons" within the scope of NRS Chapter 534. *MGM Mirage v. Nev. Ins. Guar. Ass'n*, 125 Nev. 223, 226, 209 P.3d 766, 768 (2009) ("The construction of a statute is a question of law, which we review de novo."). NRS 0.039 provides that "[e]xcept as otherwise expressly provided in a particular statute or required by the context, 'person' *means* a natural person." (Emphasis added). NRS 534.014 provides that "'[p]erson' *includes* any municipal corporation, power district, political subdivision of this or any state, or any agency of the United States Government." (Emphasis added). Whereas "means" is a term of limitation that excludes anything not stated in the definition, "includes" is a term of enlargement that does not exclude things that are not specified in the definition.[5] *See* 2A Norman J. Singer & J.D. Shambie Singer, *Sutherland*

---

*States*, 350 F.3d 1253, 1256-60 (Fed. Cir. 2003) (explaining why takings claims are not exempt from statutes of limitations).

[4]For the reasons identified by respondent and others, we conclude that *Summa Corp. v. California*, 466 U.S. 198 (1984), does not support appellants' position.

[5]In this respect, the cases that appellants rely upon for the proposition that "expression of one thing is the exclusion of another" are

 

*Statutory Construction* § 47:7 (7th ed. 2016). Because NRS 534.014 uses "includes" instead of "means," we conclude that NRS 534.014 does not "expressly provide" a separate definition of "person" but instead expands on NRS 0.039's general definition.[6]

Although appellants are "persons" within the scope of NRS Chapter 534, this does not resolve the separate issue of whether NRS 534.110(6)-(7) authorizes respondent to restrict water usage for wells that fall under NRS 534.180(1), which, although unclear, appears to be the initial dispute that prompted appellants' underlying action. But because there is nothing in the record to suggest that respondent has taken any concrete steps toward restricting appellants' use in purported violation of NRS 534.180(1), we conclude that this issue is not ripe for review and decline to address it within the context of this appeal. *See Herbst Gaming, Inc. v. Heller*, 122 Nev. 877, 887, 141 P.3d 1224, 1231 (2006) ("A primary focus in such cases [implicating ripeness is] the degree to which the harm

distinguishable, as those cases did not consider the interplay between a restrictive statute and an expansive statute.

[6]Our conclusion is reinforced by the 1985 legislative history of Assembly Bill 200. Specifically, by enacting what would become NRS 0.039 and revising NRS 534.014 (at that time NRS 534.010), it was explained that Assembly Bill 200 would provide a general definition of "person" for all of the NRS Chapters, which could then be extended or restricted in any particular NRS Chapter. *See* Hearing on A.B. 200 Before the Assembly Judiciary Comm., 63d Leg. (Nev., March 5, 1985) (statement by Frank Daykin on behalf of the Legislative Counsel Bureau); 1985 Nev. Stat., ch. 127, §§ 1 & 55, at 499 & 522-23 (enacting contemporaneously what would become NRS 0.039 and NRS 534.014).

alleged by the party seeking review is sufficiently concrete . . . .").  In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.[7]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Kimberly A. Wanker, District Judge
Frank Maurizio
John F. Bosta
Attorney General/Carson City
Nye County Clerk

---

[7]We have considered appellants' remaining arguments that were not expressly addressed in this disposition.  Having done so, we are not persuaded that a different resolution of this appeal is warranted.