IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA YELLOW CAB
CORPORATION, A NEVADA
CORPORTION, D/B/A YELLOW CAB;
YELLOW CAB CO. OF NEVADA, INC.,
A NEVADA CORPORATION, D/B/A
YELLOW CAB; NEVADA CHECKER
CAB CORPORATION, A NEVADA
CORPORATION, D/B/A CHECKER
CAB; NEVADA STAR CAB
CORPORATION, A NEVADA
CORPORATION, D/B/A STAR CAB,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83014



FILED

DEC 0 1 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss an inverse condemnation matter. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

In 2015, the Legislature enacted NRS Chapter 706A, which authorized Transportation Network Companies (TNCs), such as Uber and Lyft, to operate in Nevada. *See* 2015 Nev. Stat., ch. 279, §§ 15-46, at 1401-10. The legislation also permitted TNCs to operate without obtaining Certificates of Public Convenience and Necessity (CPCNs) or Medallions that, under NRS Chapter 706, taxicab companies must possess in order to operate.[1] *Compare* NRS 706.386 (providing that it is unlawful for a taxicab

---

[1]CPCNs and Medallions are akin to licenses that are required for operating a taxicab business. *See* NRS 706.386 (providing that it is unlawful for a taxicab company to operate in Nevada without a CPCN); NRS

22-37832

company to operate in Nevada without a CPCN), NRS 706.8827 (same with respect to taxicab companies in Clark County), *and* NAC 706.543(8) (prohibiting a Clark County taxicab driver from operating without a Medallion), *with* NRS 706A.075(2)(a) (exempting TNCs from a large portion of NRS Chapter 706's requirements).

In 2020, the appellant taxicab companies filed the underlying inverse condemnation action against the State of Nevada. Appellants' complaint alleged generally that, under Nevada law, they had a property interest in their licenses. Appellants' complaint further alleged that their property rights included the right to exclude others—including the unlicensed TNCs—from operating a competing business in their designated territories. Appellants alleged that, by virtue of the Legislature allowing TNCs to operate in the same territories where appellants operate, appellants' licenses have decreased in value and that this decrease in value constitutes a "taking" of property by the State for which appellants are entitled to just compensation. *See generally* Nev. Const. art. 1, § 8(3) ("Private property shall not be taken for public use without just compensation having first been made . . . ."); *Fritz v. Washoe Cty.*, 132 Nev. 580, 584, 376 P.3d 794, 796 (2016) ("[I]nverse condemnation requires a party to demonstrate the following: (1) a taking (2) of real or personal interest in private property (3) for public use (4) without just compensation being paid (5) that is proximately caused by a governmental entity (6) that has not instituted formal proceedings.").

---

706.88183(2) (defining "medallion" as the "authority to operate a taxicab within the jurisdiction of the Taxicab Authority [i.e., Clark County] which is issued by the Taxicab Authority"). Hereafter, this disposition refers to them collectively as "licenses."

The State moved to dismiss appellants' complaint under NRCP 12(b)(5), arguing that Nevada law does not afford appellants a property right to operate their businesses free from competition, and even if Nevada law did afford such a right, the diminution in value of appellants' licenses would not constitute a compensable "taking." The State alternatively argued that appellants' claims were barred by NRS 11.190(3)(c)'s three-year statute of limitations, which applies to "[a]n action for taking, detaining or injuring personal property." The district court agreed with all the State's arguments and granted its motion.

Appellants contend that the district court erroneously applied NRS 11.190(3)(c) in finding that their claims were time-barred and that the district court should have instead found that the claims were timely under NRS 40.090's 15-year limitations period. We disagree. *See JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, 136 Nev. 596, 598, 475 P.3d 52, 55 (2020) ("When the facts are uncontroverted . . . , the application of a statute of limitations to bar a claim is a question of law that this court reviews de novo.").[2] Of note, appellants' reliance on *White Pine Lumber Co. v. City of Reno*, 106 Nev. 778, 801 P.2d 1370 (1990), is misplaced. There, we addressed whether a four-year catchall limitations period or NRS 40.090's 15-year limitations period governing adverse possession should apply to an inverse condemnation action relating to *real* property. *Id.* at 779-80, 801

---

[2]Appellants have not disputed that the accrual date for their claims were the various effective dates for the enactment of NRS Chapter 706A, all of which occurred in 2015. *See* 2015 Nev. Stat., ch. 279, § 59, at 1413. We therefore accept for purposes of our analysis that the claims asserted in appellants' 2020 complaint accrued in 2015. *Cf. Senjab v. Alhulaibi*, 137 Nev., Adv. Op. 64, 497 P.3d 618, 619 (2021) ("We will not supply an argument on a party's behalf but review only the issues the parties present.").

P.2d at 1371-72. After canvassing case law from other jurisdictions and concluding that a majority of those cases applied an adverse-possession-based statute of limitations because "the landowner's right of recovery grows out of his title to the land, and thus the landowner should have a right to bring the [inverse condemnation] action until he has lost title to the land by virtue of adverse possession," we held that a 15-year limitations period applied to the inverse condemnation action for real property. *Id.* at 780, 801 P.2d at 1371-72.

Here, however, appellants are alleging a taking of their *personal* property. Consistent with *White Pine Lumber*'s rationale, appellants' "right of recovery" in this case "grows out of" the State having allegedly "taken" the value of their licenses. *Id.* at 780, 801 P.2d at 1371. This claim falls squarely within NRS 11.190(3)(c), which, again, governs "[a]n action for *taking*, detaining or injuring *personal* property." (Emphasis added.) As the district court correctly held, appellants' claims were time-barred by NRS 11.190(3)(c) because those claims alleged a taking of their personal property. Other courts confronted with the issue have reached the same conclusion and recognized a real/personal property distinction with respect to the statutes of limitation applicable to taking claims. *See, e.g., Tucker v. City of Corpus Christi*, 622 S.W.3d 404, 407-08 (Tex. App. 2020) (applying a personal-property limitations period to a claim alleging a taking of personal property); *Shade v. Mo. Highway and Transp. Comm'n*, 69 S.W.3d 503, 517-17 (Mo. Ct. App. 2001) (same); *Garden Water Corp. v. Fambrough*, 53 Cal. Rptr. 862, 864 (Ct. App. 1966) (same); *Shupe v. City of Spokane*, No. 34986-1-III, 2018 WL 3154396 (Wash. Ct. App. 2018) (unpublished) (same); *see also Vanek v. State, Bd. Of Fisheries*, 193 P.3d 283, 288 n.18 (Alaska 2008) (rejecting the argument that a personal-

property limitations period applies to the taking of real property). *But see Perry v. Grand River Dam Auth.*, 344 P.3d 1, 10-11 (Okla. Civ. App. 2013) (reasoning it would be illogical to have different limitations periods when the alleged "taking" simultaneously affects real and personal property).

The concur/dissent would vacate and remand for further proceedings as to whether the appellants have asserted a claim for the taking of real as opposed to personal property, to which the 15-year statute of limitations would apply. We reject this argument for two reasons. First, appellants' opening brief did not argue that their complaint alleged a real-property takings claim to which NRS 40.090 would apply. Rather, appellants' opening brief argued that *White Pine Lumber* stands for an across-the-board proposition that a 15-year limitations period applies to *all* takings claims. We disagree with that argument, as *White Pine Lumber* and our subsequent decision in *City of N. Las Vegas v. 5th & Centennial, LLC*, 130 Nev. 619, 625, 331 P.3d 896, 900 (2014), *assumed* that the "taking" at issue involved real property. Appellants' relied-upon legislative history is also based on that same assumption. *See* Hearing on A.B. 579 Before the Assembly Judiciary Comm., 71st Leg. (Nev., April 12, 2001) (statement by Brian Hutchins, Chief Deputy Attorney General for the Transportation and Public Safety Division, that the applicable statute of limitations for inverse condemnation actions is 15 years, while discussing that issue in the context of real property). Second, under the NRCP 12(b)(5) standard of review, *see Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (recognizing that a complaint's *factual allegations* must be accepted as true), appellants' complaint does not sufficiently allege that they have a *real* property interest in their operational territories that has been physically invaded by virtue of the Legislature allowing TNCs to

operate in those territories. Namely, appellants' relied-upon statutes and regulations do not confer upon appellants a *real* property interest in their territories, which is comprised of public roadways, to exclude non-licensed competition. *Cf. O'Connor v. Superior Court*, 153 Cal. Rptr. 306, 310 (Ct. App. 1979) ("There is no vested or constitutional right to use a public street for conducting private business."). Rather, any supposed right to exclude is reserved to the State of Nevada (by virtue of the Nevada Department of Transportation and the Taxicab Authority) through their enforcement powers.[3] Thus, to the extent that appellants' complaint attempts to allege that they have a real property interest that has been taken, we conclude that such allegations are legal conclusions that need not be accepted as true for purposes of NRCP 12(b)(5). *See McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 658, 137 P.3d 1110, 1119 (2006) (observing that it is the court's responsibility to determine if a property interest exists); *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations . . . .").

Appellants' complaint alleges a taking of personal property, to which the three-year statute of limitations in NRS 11.190(3)(c) applies. The statute of limitations expired before appellants sued. Accordingly, we

---

[3]While the right to exclude is a well-established property right, *see, e.g., Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 (1982), we cannot conclude that appellants have a recognizable real property interest that would be subject to just compensation under a takings analysis since the Legislature did not provide appellants with a statutory right to exclude TNCs from physically invading their territories, nor a statutory right to exclude TNCs from utilizing assets and infrastructure necessary to operate such services.

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Cadish

_____, J.
Pickering

GIBBONS, Sr. J., concurring in part and dissenting in part:

I agree with the majority that if the rights and interests of all the property rights taken by the State of Nevada are personal property, this action is time barred pursuant to NRS 11.190(3)(c). However, in their verified complaint filed May 27, 2020, the appellants allege facts that real and personal property were taken from them through inverse condemnation. The appellants repeated these facts in oral arguments before the Nevada Supreme Court and further argued that this is a disputed genuine issue of material fact.

The district court dismissed the complaint pursuant to NRCP 12(b)(5) because it failed to state a claim upon which relief can be granted. In *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 858 P.2d 1258 (1993), the Nevada Supreme Court concluded that the district court may not consider matters outside the pleading being attacked. In *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008), the

_____
[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

Nevada Supreme Court concluded that fact issues which have to be resolved by evidence preclude judgment of dismissal under NRCP 12(b)(5) because the allegation in the complaint must be accepted as true. The statute of limitation for an inverse condemnation real property "takings" action is fifteen years pursuant to NRS 40.090. *White Pine Lumber Co. v. City of Reno*, 106 Nev. 778 at 780, 801 P.2d 1370 (1990).

I would remand to the district court for further proceedings and to make findings as to whether a genuine issue of material fact exists regarding the claim of the appellants that real property has been taken from them.

_____, Sr. J.
Gibbons

cc:    Hon. Nancy L. Allf, District Judge
       Law Offices of Kermitt L. Waters
       Attorney General/Carson City
       Attorney General/Las Vegas
       Eighth District Court Clerk

